SYLVANUS BRYANT *vs.* SYLVESTER EDSON.

WINDSOR,
February,
1836.

Bryant
vs.
Edson.

B, residing in New-Hampshire, sold to D, at Cambridge, Massachusetts, where D resided, a quantity of cattle, for which D there gave his promissory note, payable in fifteen days. B brought this note to Vermont, where E signed it. *Held*, that E was entitled to three days' grace on this note.

This was an action on a note of hand of the following tenor:

" $1456 6⁷.                          *Cambridge, Jan. 2d*, 1834.

" For value received, we promise to pay Sylvanus Bryant, or order, fourteen hundred fifty-six dollars and 67 cents, in fifteen days from date.

<div style="text-align:center">(Signed)                REUBEN DAMAN,
SYLVESTER EDSON."</div>

The writ was prayed out against both signers, and bore date January 20th, 1834, and was served on Edson the morning of that day, and a *non est inventus* returned as to Daman.

On the trial, the defendant insisted he was entitled to three days' grace, which had not transpired at the commencement of the action. And he relied on the statutes of New-Hampshire, where the payee resided, and of Massachusetts, where the note was dated. The statute of Massachusetts, passed in 1825, was shown to be in these words:

" That all bills of exchange made after the first day of June next, and expressed to be payable at sight, or payable at a future day certain, within this Commonwealth; and all promissory, negociable notes, orders or drafts, made after the first day of June next, payable at a future day certain, within this Commonwealth, in which there is not express stipulation to the contrary, grace shall be allowed," &c.

The plaintiff proved that the note in question was executed by said Daman, at Cambridge, in Massachusetts, and there delivered to the plaintiff on a contract for beef cattle there sold by the plaintiff to said Daman.—That said note was brought by the plaintiff to Woodstock, Vermont, where said Edson resided, who there signed the same.

The defendant requested the court to charge the jury that the defendant was entitled to grace on said note, and therefore the plaintiff could not recover; and upon the defendant's entering into a rule that a verdict should be entered for the plaintiff, and judgment rendered thereon by the supreme court, for the amount of said note and cost, if the supreme court should decide that the defendant was not entitled to grace, the court did instruct the jury that said Edson was entitled to grace;—whereupon, verdict

Bryant
vs.
Edson.

and judgment was entered for the defendant, and the plaintiff excepted.

*Argument for plaintiff.*—The defence all rests upon the question whether Edson was entitled to three days of grace.

1. We contend he was not so entitled. No place of payment is mentioned in the note. If a demand upon Edson to charge the endorser was necessary, it must be made at Woodstock.—See Anthon's *Nisi Prius*, p. 6, in note. And no days of grace are allowed in Vermont. Nor does it make any difference that Daman executed the note in Massachusetts. We may as well contend that Edson's executing the note in Vermont brings Daman under the force of the law of Vermont, as that Daman's executing the note in Massachusetts brings Edson under the force of the law of that state.

Nor does it make any difference that the note was given on the sale and for the purchase-money of cattle in Massachusetts. There are no days of grace upon that contract by the law of Massachusetts, or of any other state, till, by its being put into a note, it is brought within the law merchant.

2. Edson was not entitled to grace by reason of the plaintiff's living in New-Hampshire, where grace is allowed on notes. For though there are decisions showing that a note given elsewhere, but expressly made payable in New-Hampshire, shall be governed by the law of that state, yet I find no case in which it has been decided that the residence of the payee attached to it the law merchant of his state with regard to grace, when no place of payment is expressed in the note. I have been informed that the contrary of this was decided by this court on the circuit a year ago.

3. This case must be decided upon the law either of Vermont or Massachusetts; in neither of which is the law merchant of England exactly adopted. Judge Story, in his Commentary, on page 299, lays down a general rule with regard to the allowance of a time of payment beyond the day fixed in negotiable instruments. He says, "This period of indulgence is commonly called the days of grace; as to which, the rule is, that the usage of the place, on which a bill is drawn, and where payment of a bill or note is to be made, governs as to the number of the days of grace to be allowed thereon." In this rule he clearly refers to a case where the residence of the drawee is, the place where payment is to be made.

On page 298, he takes the rule from Chitty on Bills, 506-7-8: "By the common law the protest must be made where the bill is

WINDSOR,
*February,*
1836.
———
Bryant
*vs.*
Edson.

payable. But the necessity of demand and protest must be governed by the law of the place where the contract is made." How far, then, are these rules applicable to the present case? This contract was made partly in Massachusetts and partly in Vermont. Edson may claim that a demand, if made at all, should be made on him here by the common law adopted here; but he has no claim for three days of grace by any law of this state.

But his counsel have argued, and will again perhaps, that he claims the benefit of the contract's being executed by Daman in Massachusetts.

Here we may well urge, that to take the case out of the laws of Vermont, and bring it within the laws of Massachusetts, it must be wholly executed in the latter state.

But passing over this for the present, what is the law of Massachusetts upon the subject of grace? Not the common law, but the law peculiar to that state. In *Jones* vs. *Fales*, 4 Mass. R. 245, the court state what the law of that state is. On page 251, Judge Parsons says, " By the law of this state, a note is not entitled to grace unless it is expressly made payable with grace." Such is the law there still, except in the particular cases mentioned in the statute of 1825, which the defendant produces. Those cases are these; *Bills of exchange, negociable notes, orders and drafts, made after the first day of June then next, and expressly to be payable at sight, or at a future day certain within said Commonwealth.* On these the statute allows grace, unless there be a contrary stipulation. The place of payment, always material, is emphatically so in this statute. The place where payable is so important in a bill or note, that, when the same is expressed in the bill or note, and omitted in the declaration, it forms a fatal variance. It was so decided by the supreme court of the U. States.— See *Sebre et al.* vs. *Don*, 9 Wheat. 558—5 Cond. R. on p. 680.

The note in question was not expressly made payable in that state. There is no *expression* in the note about the place of payment. Whether the implication of law, or any understanding or agreement of the parties, not contained in the note, would fix the place of payment in Massachusetts, where one of the signers lived, or in New-Hampshire where the plaintiff lived, in either case the statute cannot affect the time of payment of the note; because that statute anly embraces those bills of exchange, negociable notes, &c. which are made in that state, and expressly made payable there. All other instruments, and all bills, &c. of any other description, are governed by the law as it stood before that statute

WINDSOR,
February,
1836.

Bryant
vs.
Edson.

passed; that is, there is no grace, unless it is secured by a stipulation in the instrument itself.

Creditors have their rights as well as debtors. The rights of creditors to have their pay according to the terms of their written contract, cannot be defeated by any custom, usage or law in the debtor's favor, unless he brings himself fully within that custom, usage or law.

We say nothing about a point made last year, in reference to the right to sue on the last of the days of grace, not because we think the case then cited, of *Leftley* vs. *Mills*, in 4 Term Rep. allowing a tender of payment at eight o'clock in the evening, is valid to overturn all other authorities on the subject; but because we find the service of the writ was made in the morning of the 20th day.

On the whole, we conclude it manifest, first, that the plaintiff's right of action was perfect, by the terms of the note, before his action was brought—secondly, that the defendant has established no such right to his three days of grace, as can defeat the plaintiff's right. As to him, the note was not executed in Massachusetts. As an intirety, the note was but *partially* executed in Massachusetts: If it were *wholly* executed there, it not being expressly payable there, nor expressly payable with grace, the defendant is entitled to no grace.

*Argument for defendant.*—The note is expressed to be paid in fifteen days *from* date, which in terms excludes the day of date from the fifteen; and if it were not so in terms, the law merchant would have the same effect upon the contract.

The note does not refer to any place of payment, and of course is payable where made, or to the plaintiff in New-Hampshire.— So that whether governed by the *lex loci* where made or where payable, it is the same thing.

In the case of *Grimshaw* vs. *Bender et al.* (6 Mass. R. 157,) where a bill of exchange was drawn by plaintiff, a merchant in Manchester, England, in his own favor or defendants', a house in Boston, and accepted by one of the defendants, to be paid in London, it was decided that the bill was a foreign bill of exchange, and subject to be paid according to the law merchant, as understood in Massachusetts; and because, from the terms of the contract, the plaintiff must seek his remedy in case the bill was dishonored in the country where the acceptors had their domicil.

There can be no doubt that Daman, the other signer of the note,

WINDSOR,
*February,*
1836.

Bryant
*vs.*
Edson.

would be entitled to the usual days of grace; and it must be suppo-
sed that the signer, though he signed at a different place and
time, merely as a warrantor for the payment by Daman, and hav-
ing thereby subjected himself to all the liabilities of Daman, is also
entitled to all the indulgencies which he could claim.

*Again:* It cannot be admitted that where there are two signers
of a note, that one is liable to be sued sooner than the other, or li-
able to a different rule of damages.—Edson places himself in the
shoes of Daman, and thereby subjects himself to all his liabilities,
and acquires a right to all his privilege arising from the transaction.

Were it otherwise, and both had been sued under the same juris-
diction, plaintiff might recover against one, but could not against the
other; that is, if both had been sued here, Daman would have been
entitled to days of grace, and so the note as to him would have been
sued before it was due; and as to him, therefore, no recovery would
be had: but Edson, not being entitled to grace, plaintiff might have
had judgment against him, and this on a joint note; and if both had
been within the jurisdiction of the court, plaintiff must have sued
both; for the action would not lie against one, and yet plaintiff
could recover against one only.

This case furnishes an illustration of the foregoing remarks. The
declaration counts against both Daman and Edson, and Edson is
made separately liable, if at all, under the statute; because there is
a *non est inventus* returned against Daman.

The law supposes that every contract is made at some place, and
is to be performed at some place. This must necessarily be so;
because all contracts must be expounded by the laws of some place.

When the contract does not in terms specify the place of per-
formance, the court attempts to ascertain from the instrument itself
the intent of the parties as to the place of performance.

The *lex loci* where the contract is made, must generally be the
rule by which the contract is to be construed . But where the
parties made the contract in one place, with a view to the per-
formance of it in another place, the *lex loci* of the latter place
must, in most respects, govern the court in enforcing it.—
Where, by the laws of a state in which a contract is made, though
it be negiciable, may be discharged by payment to the payee after
it is endorsed, it cannot be enforced by the endorsee.—4 Cow.
511, m.—*Hull* vs. *Blake,* 13 Mass. 155-6-7.

So the interest or damages are to be governed by the *lex loci
contractus.*—S. C. 17 John. 511—12 Mass. 4.

We do not find many decisions reported in this state.

WINDSOR,
February,
1836.

Bryant
vs.
Edson.

The case of *Ripley* vs. *Greenleaf* (2 Vt. R. 127–33) is either reported wrong, or the decision was wrong. It does not appear where the note was made, or where payable. But the decision is, that as the maker resided in the state of New-York, and payment was there demanded, where the days of grace are allowed, it is therefore correct to adopt the same rule here in a case where the demand was made in that state.

It is insisted on the part of the defendant, that the maker of a promissory note, and probably the endorser also, is entitled to the whole of the day on which it falls due, to raise and pay the money, and cannot be sued till that day has expired.

But it is sufficient for us in this case, if the maker is entitled to the whole day.

We are fully aware of those cases in which it is decided that the drawer of a foreign bill of exchange is liable in case of non-acceptance before the bill comes to maturity. This is according to the law merchant, because it was purchased on the condition that the bill shall be accepted when presented, as well as paid when due.—3 East. 481.

But it is otherwise with inland bills of exchange, and we contend also as to the promissory notes, especially as between the maker and the payee.—Swift's Ev. 320.

Inland bills of exchange may be presented on the last day of payment, and protested, and notice given the next, which will be sufficient to hold the drawer; and we think the same due time applies to promissory notes.

The endorsor of a *foreign bill* of exchange, places himself in the situation of the drawer,—every endorsement being regarded as a new bill drawn by the endorsor.—3 East. 481.

But the acceptor of an inland bill of exchange has the whole of the third day of grace, and cannot be sued till the next day.—4 T. R. 170.

In *Leftley* vs. *Mills*, it was decided that the acceptor of an inland bill of exchange had the entire day of the last day of grace to pay the money in, and that a tender made at eight o'clock in the evening was good, and would exonerate the acceptor from cost.

The case of *Jones* vs. *Fales* (4 Mass. 245–51) was an action by the endorsee against the endorsor. Notice was given on the last day of grace : the notes being payable with grace. Parsons, who gave the opinion of the court, is made to say, " Consequently the note is not due till the expiration of the time of grace, which is three days. I must therefore infer that the endorsor is not holden

upon his endorsement of the notes without his assent, because the condition on which he agreed to pay was not performed.".

That the endorsee did not allow the maker the whole three days of grace, before he gave notice to the endorsor of non-payment.

WINDSOR,
February,
1836.

Bryant
vs.
Edson.

In *Morgan* vs. *Cuyler*, (8 Cow. R. 203,) the three days of grace are allowable between the maker and the holder of a promissory note, and when the notes were declared on in one court, on one of which the three days of grace had not expired when the suit had commenced, defendant was allowed to show this on the trial of the general issue, and plaintiff could not recover on that note.

The case of *Stanton et al.* vs. *Blossom et al.* (14 Mass. 116) is supposed to be relied on by the plaintiff. This was an action in favor of the assignees of the drawees against the drawers of a bill of exchange, for non-acceptance of the bill; and the case turned entirely on the question of notice of the non-acceptance.—The drawees refused to accept because they had been served with a *trustee process.* The payee of the bill supposing, probably, that this was evidence of there being no funds in the hands of the drawees, gave no notice to the drawers before suit. But the drawees had written to the drawers that they had refused acceptance, and assigning the reason. It was decided that defendants were entitled to notice, and that the letter written by the drawees was not sufficient.

The *New-England Bank* vs. *Lewis et al.* (2 Pick. 125) also relied on by the defendant, was an action by the endorsee against the endorsor of a promissory note. The writ was served on the day when the note became due, and before notice was given to the endorsor, which was however given on the same day by a notary public; and decided the action was prematurely brought. The case turned entirely on the question of notice, and nothing is said whether the endorsor would have been liable to be sued on the same day had notice been previously given.

The case of *Shedd* vs. *Brett* (1 Pick. 401) is also an action by the endorsee of a promissory note against the endorsor. It is in that case decided, that on the refusal of the promisor on the day of payment, notice may be given on the same day.—The writ was dated the same day, but served the next day, in North-Bridgewater, after the arrival of the mail. The case turned entirely upon the question of notice, whether it can be issued on the day of payment after the refusal to pay by the maker, and whether putting notice into the post-office was sufficient; and it was decided that the notice was regular. But it is not said that the writ might have

Windsor,
February,
1836
---
Bryant
vs.
Edson.

been served the same day, nor that a suit commenced against the maker on that day could have been sustained.

The present is an action directly between the original parties to the note; and no case is found, where in such case, an action has been commenced and sustained on the day on which the note fell due. And the case stands on the same principle as a suit on any other note payable in cash.

If, therefore, the court is prepared to decide, that in no case the maker of a cash note is entitled to the entire day of payment, to make out and pay the money before becoming liable to a suit, the decision will be against us.

This, however, we think will be introducing law new in our courts, and certainly new to the profession in this state. And we appeal to the court with confidence, to say whether the law has not been universally construed and practised upon in this state, as it is now contended for by the defendant.

Should it be said, that in order to aid the plaintiff; (if indeed it would aid him,) the court must intend that the writ was sued in some of the last hours of the day, it is answered, that the court can intend nothing which, if true, the plaintiff might easily have stated and proved at the trial, in order to support a verdict; but here the verdict was for the defendant, and if any presumption can arise, it will be, that it was proved at the trial, that the writ was served in the early part of the day, and so the case seems to understand it; for the question is placed on the mere question whether the defendant is, in this case, entitled to days of grace, under the circumstances proved at the trial, and states in the case in which no question is made or reserved as to the part of the day in which the writ was served.

The opinion of the court was delivered by

Collamer, J.—The *obligation* of a contract—the *duties* it implies, and the manner in which it is to be *performed*, are fully acknowledged to be regulated by the *lex loci contractus*; while the manner of enforcing the remedy, in case of breach, constitutes no part of the contract, and is regulated by the *lex loci fori*. This is a distinction apparently clear, but frequently difficult of practical application.

That days of grace are a part of the contract—a part of its obligations and privileges, and therefore to be regulated by the *lex loci contractus*, has been decided, and does not seem to be now much controverted.—Story on Conflict of Laws, 299.

WINDSOR,
February,
1836.

Bryant
vs.
Edson.

This is regulated by the law of the place where the instrument is *payable*. In this case, the contract was made in Massachusetts, and there the consideration passed ; but the payee belonged to New-Hampshire. It has sometimes been suggested that this varies the case ; but the law makes no distinction on that account.— "Every contract, whether made between foreigners, or between foreigners and citizens, is deemed to be governed by the law of the place where it is made and is to be executed."—Story C. L. 233.

After this contract was made in Massachusetts, it was brought to Vermont, and here the defendant, Edson, underwrote it.— Where, under these circumstances, is it to be considered as having been made ? It was made in Massachusetts ;—there the consideration passed—there it bears date—there it was delivered to the plaintiff, and it was afterwards signed by Edson here. There cannot be different obligations on the two signers ; and as the place of date was not colorable, this defendant executed the contract with reference to the law of the place where the transaction actually took place, and where the note bore date. Suppose a note was actually made in New-York, for money there had, and afterwards that note were underwritten by a surety here : Most unquestionably either of those signers would be subject to the payment of seven per cent. interest. This then must be considered a contract made in Massachusetts.

But, as already shown, the days of grace are regulated generally by the place of *payment*. This note has in it *expressly* no place of payment. It is a promise to pay, generally. By what law are such contracts governed ? Where are they considered payable ? It has already been shown the residence of the parties does not govern it.

"A contract to pay generally is governed by the law of the place where it is made ; for the debt is payable there as well as in any other place. To bring a contract within the general rule of the *lex loci*, it is not necessary that it should be payable exclusively in the place of its origin. If payable every where, then it is governed by the law of the place where it is made ; for the plain reason that it cannot be said to have the law of any other place in contemplation to govern its validity, obligation or interpretation. All debts between the original parties are payable every where, unless some special provision to the contrary is made ; and therefore the rule is, that debts have no *situs*. The holder takes the

<div style="float:left">Windsor,<br>February,<br>1836.<br><br>Bryant;<br>vs.<br>Edson.</div>

contract as it was originally made, and as in the place where it was made."—Story C. L. 264.

This note must then be governed by the law of Massachusetts, where it was made. And this brings us to the single question, is grace allowed on such a note by the law of Massachusetts?

It is insisted by the plaintiff's counsel, that in order to have grace, the note must, upon its face, *expressly* be payable in Massachusetts. This argument arises wholly from a mistaken reading of the Massachusetts statute, in the argument for the plaintiff.— The plaintiff's counsel quote the statute as if bills, notes, drafts, &c. were all put on the same footing; but this is not so. The first clause of the statute, and in which alone the word *expressed* is used, relates exclusively to *bills of exchange*. The latter clause of the statute relating to negotiable notes, orders or drafts, gives grace on all payable on a future day certain, within the state. This includes all, whether *expressly* or *exclusively* payable there, or by being actually made there and payable on time, generally, are by the general law payable where made, as already shown; and so includes this note. We have been favored with no decision by the courts in Massachusetts on this statute; but we entertain no doubt such is its practical construction, and that grace is there constantly allowed on such notes.

<div style="text-align:right">Judgment affirmed.</div>

*T. Hutchinson* for plaintiff.
*Marsh & Williams* for defendant.