## AMMIDOWN & al. versus WOODMAN.

In a note payable in a specified time after date, the day of the date is to be excluded. In a town where is no bank, a demand was made upon such a note, at three o'clock in the afternoon of the last day of grace, to which the maker replied, that he would never pay it, and thereupon a suit was *immediately* commenced. — *Held*, that the suit was not prematurely brought.

The interest of a witness, as indorser of the writ, may be removed by a deposit of a sufficient sum to pay the defendant's costs, though the deposit be made by a stranger to the suit, and without authority from the plaintiff. The clerk is the proper depositary.

ASSUMPSIT, on a note payable six months after date. ` It was dated, Dec. 9, 1847. The action was commenced on June 12, 1848. The plaintiff then offered John L. Cutler, Esq., as a witness. He was objected to on the ground of interest, being indorser of the writ, and the plaintiff being resident out of the State. Thereupon a third person, in the absence and without the knowledge of the plaintiff, volun-

tarily, of his own money, deposited with the clerk a sum which was admitted to be sufficient in amount, to be appropriated to pay the costs, if the defendant should prevail.

If that testimony was admissible, it is to be considered proved in the case, that the defendant's residence, at the making and at the maturity of the note, was in Wilton, and at the distance of thirty miles from any bank; that on Monday, the 12th day of June, 1848, "about or a few minutes before three o'clock in the afternoon," the note was presented to the defendant for payment, who refused to pay it, and said he had no recollection of giving such a note, and would never pay it. Whereupon the writ was immediately dated, and delivered to the officer, and an attachment made. It was objected that the action was brought too early. The trial was before SHEPLEY, C. J., who ruled that it was not prematurely brought. The defendant excepted.

*H. Belcher,* for defendant.

Mr. Cutler's testimony was inadmissible. He indorsed the writ and was liable for costs.

The deposit by a third person, having no interest, was ineffectual. It is like a tender, made by a stranger, which is invalid. *Kincaid* v. *School District,* 11 Maine, 188; Law Reporter, vol. 10, 136. The depositor might recall the money. There was no valid consideration, upon which the clerk could withhold it. He might return it or might waste it. His bond would not cover it.

The suit was premature. The pay-day was the 10th of June, excluding the day of its date. The statute gave (grace,) 3 additional days, so that the 13th instead of 12th of June, was the last day of grace. 2d Barr, Penn. 495, is directly in point.

But, if it can be held that the note was payable on the 12th of June, the suit was commenced too early. The maker of the note was entitled by statute, not by conventional indulgence, to three days, three full days grace. *Thomas* v. *Shoemaker,* 6 Watts & Sargent, 179; *Bevan* v. *Eldridge,* 2 Miles, 353; *Osborn* v. *Moncure,* 3 Wend. 170.

Even where grace is given by commercial usage, and not

by statute, the party is entitled to the uttermost convenient time allowed by the custom of business of that kind, in the place where the note is presented. 2 Kent's Com. 101, 102.

There being no bank at Wilton, nor within thirty miles, the defendant was not restricted to bank hours, within which to pay his note, and it being there, as in other country places, usual to receive payment of notes certainly until dark, the defendant was entitled to that time in which to pay his note. But even if the defendant was restricted to bank hours, the writ was made and placed in the officer's hands, before the expiration of those hours.

*J. L. Cutler,* for plaintiff.

Howard, J., orally. — 1. Was the interest of Mr. Cutler, the witness, discharged? We think one, though a stranger to the case, may volunteer to make the requisite deposit. He could not withdraw it. There was sufficient consideration for withholding it from him; for another person's rights had been affected by it.

The clerk was the rightful depositary. When with him, the fund was in the custody of the law.

2. If there be several notes of the same date, some payable in six months, some in six months from date, and some in six months after date, they all have the same pay-day. In all of them, the day of the date is excluded. If dated December 9, they would, with the grace, become payable June 12. The note in suit was dated December 9, at six months after date. Its pay-day was June 12. It was sued on that day. Was the suit premature? It was demanded at three o'clock that day. Defendant said he would never pay it. If no demand had been made, he was entitled to the whole day. If hastened by a demand, made upon that day, he was still entitled to a convenient length of time. In this case, the defendant was allowed that time. That was all that the law gave him.                    *Exceptions overruled.*