Filed Oct. 14, 1890.

———————◆———————

No. 14,442.

BROWN v. JONES ET AL.

<div style="float:right">125 375<br>141 311<br>125 375<br>d164 684</div>

BILL OF EXCHANGE.—*Copy of Acceptance.—Averments of Complaint not Controlled Thereby.*—In an action upon a bill of exchange drawn by the defendant, payable to his own order and endorsed by him to the plaintiffs, the acceptance is not the foundation of the action, and the copy thereof filed with the complaint can not control its averments.

SAME.—*Presentment for Payment and Protest.—When Made in Time.*—A thirty-day bill of exchange drawn on February 11th, 1884, and accepted on the same day, was properly presented for payment and protest on the 15th day of March, 1884, there being twenty-nine days in February, 1884, which would make the bill payable on March 12th, and the three days of grace bringing it up to March 15th.

SAME.—*Legal Presentment for Payment.—What Constitutes.—Notice of Dishonor.—When not at Variance with Complaint.*—Where a bill of exchange was taken to the place designated in the acceptance as the place of payment, and the place was unoccupied and closed, and no one could be found to whom presentment for payment could be made, in legal effect the bill was presented and payment refused. The statement in the notice of dishonor that the bill was duly presented for payment without a recital of the facts, does not conflict with the allegation in the complaint setting forth the facts in detail.

SAME.—*Notice of Dishonor.—When Mailed in Time.*—Where the notice of protest was mailed by the notary the next day after the protest was made, at the post-office in Chicago, Illinois, to the Citizens' Bank of Attica, Indiana, addressed to said bank at that place with directions to the bank to forward the same to the defendant, whose address was unknown to the notary, it was mailed within the proper time. The paper was payable in the State of Illinois, and was, therefore, controlled by the statutes of Illinois relating to commercial paper. Under

the laws of that State a period of three days of grace was allowed after the maturity of the bill, and forty-eight hours thereafter given to the notary in which to mail the notice.

SAME.—*Notice of Protest.*—*Sufficiency of.*—*Designation of Months by Figures.*— The notice of protest was as follows: "State of Illinois, County of Cook, Chicago, Illinois, 3—15—1884: Sir: A draft for $500 on F. W. Pullen & Co., dated 2—11—84, payable thirty days after date, endorsed by ——, has been this day by me protested for non-payment, and I hereby notify you that payment has been duly demanded, and the holder looks to you for payment, damages, interest and costs. Done at the request of the First National Bank of Chicago.

"To JAMES BROWN.      ORVILLE PECKENN, Notary Public."

*Held,* that the employment of figures to designate the months did not vitiate the notice.

*Held,* also, that the bill was so described in the notice as to give to the defendant the information that it was the paper sued on that was protested.

*Held,* also, that the defendant could but understand from the notice that the First National Bank of Chicago held the bill, or at least that he could ascertain its whereabouts by inquiring of said bank.

From the Warren Circuit Court.

*J. McCabe* and *E. F. McCabe,* for appellant.

*C. V. McAdams,* for appellees.

BERKSHIRE, C. J.—This was an action upon a bill of exchange drawn by the appellant, payable to his own order and endorsed by him to the appellees.

The case has been here once before, but the questions now involved were not then before the court for consideration. *Brown* v. *Jones,* 113 Ind. 46.

After the cause had been remanded to the trial court for a new trial, the appellees obtained leave to amend their complaint, and did amend it. Thereafter the appellant withdrew his answers, and filed a demurrer to the complaint.

The court overruled the demurrer, and the appellant saved an exception, and filed an answer in general denial.

The cause being at issue the appellant moved the court for a judgment on the state of the pleadings. This motion was overruled, and an exception reserved, and afterwards a bill of exceptions was filed.

After overruling the motion of the appellant for judgment the cause was submitted to the court for trial, with a request for a special finding. A special finding was thereafter returned, and to the conclusions of law therein announced the appellant saved an exception, and the court gave judgment for the appellees.

The errors assigned are as follows:

1. Overruling the demurrer to the complaint.

2. Overruling the motion for judgment on the state of the pleadings.

3. Error in the conclusions of law.

No specific causes for giving judgment in favor of the appellant upon the state of the pleadings were stated in his motion, and if for no other reason the court might for this reason have very properly overruled the motion.

The motion should have been so drawn as to direct the court's attention to the questions sought to be raised thereby. It is the business of the court to consider such questions as its attention may be called to if they are properly before it, but none other. But counsel for the appellant, in their argument, inform us that the motion was grounded on the insufficiency of the complaint, and that being the case the same questions are raised by the first assigned error. We have carefully examined the complaint, and have no hesitation in holding it good.

The action rests upon a bill of exchange drawn by the appellant in favor of himself upon a firm doing business in the city of Chicago, State of Illinois. After its acceptance it was endorsed to the appellees. The point is made that it does not appear by averment in the complaint whether the bill was endorsed before or after its acceptance, and on the assumption that the presumption arises that the endorsement was before its acceptance the argument is built. But as the complaint clearly shows that the bill was accepted before its endorsement, the argument can have no weight.

It is contended that the copy of the acceptance filed with the complaint limited the time of payment to twenty-eight days from the date of the bill, and hence it was not protested in time, and therefore the drawer was discharged. But as the acceptance is not the foundation of the action, the copy thereof filed with the complaint can not, as contended, control the averments of the complaint.

The court did not err in its conclusions of law. The bill was drawn on February 11, 1884, and accepted on the same day. It was a thirty-day bill. The acceptance was without qualification, except as to the place of payment. It required presentation at No. 136 East Kinzie street, Chicago, Illinois, which was the place of business of the acceptors.

There were twenty-nine days in February, 1884, hence the bill was payable on the 12th day of March, and when three days of grace are added thereto we have reached the 15th of said month, which was the day on which the bill was presented for payment, and protested for non-payment; and this was the proper date for presentment and protest. *Helphenstine* v. *Vincennes Nat'l Bank,* 65 Ind. 582.

The further point is made that there is a variance between the allegation in the complaint (which is supported by the special finding) and the notice which was given to the defendant of the dishonor of the paper. The complaint alleges, and the special finding so finds, that the bill was taken to the place designated in the acceptance as the place of payment, and that the building was unoccupied and closed, and no one could be found to whom presentment for payment could be made, while the notice states that the bill was duly presented for payment.

There is nothing in the distinction attempted to be drawn. In legal effect the bill was presented and payment refused; at least we can not see how the appellant can be prejudiced because of the failure of the notice to recite the facts as they occurred. See *Henry* v. *State Bank,* 3 Ind. 216; Tiedeman

Com. Paper, section 346; Randolph Com. Paper, section 1226.

After protesting the bill the notary, who executed the same, mailed a notice thereof at the post-office in Chicago, Illinois, to the Citizens' Bank of Attica, Indiana, addressed to said bank at that place, with directions to said bank to forward the same to the appellant, his address not being known to the said notary. The said notice was mailed on the 16th of March, the next day after the protest was made, and was received by the said bank on the 18th of the said month, and mailed by the first mail going to the appellant's post-office after its receipt, and was received by the appellant on the 20th of said month.

It is contended that the notice was not mailed by the notary at Chicago within the proper time. We think there is nothing in this objection. The paper was payable in the State of Illinois, hence was controlled by the statutes of Illinois relating to commercial paper. 2 Daniel Neg. Inst., section 936; *Shanklin* v. *Cooper*, 8 Blackf. 41; *Turner* v. *Rogers*, 8 Ind. 139; *Bryant* v. *Edson*, 8 Vt. 325; *Andrews* v. *Pond*, 13 Pet. 65; *Allen* v. *Bratton*, 47 Miss. 119; *Fordyce* v. *Nelson*, 91 Ind. 447; *Murphy* v. *Collins*, 121 Mass. 6. By the laws of that State there was a period of three days allowed as grace after the maturity of the bill, and forty-eight hours thereafter given to the notary in which to mail the notice. But the notice was mailed the next day after the protest, which was in time if controlled by the *Lex Mercatoria*. 2 Am. & Eng. Encyc. of Law, p. 327, and cases cited. But it is contended that the notice was insufficient. It was as follows:

"*State of Illinois, County of Cook, Chicago, Illinois, 3—15—1884*:

"SIR: A draft for $500 on F. W. Pullen & Co., dated 2—11—84, payable thirty days after date, endorsed by——, has been this day by me protested for non-payment, and I hereby notify you that payment has been duly demanded, and

the holder looks to you for payment, damages, interest and costs. Done at the request of the First National Bank of Chicago.

"To JAMES BROWN.          ORVILLE PECKENN,
                                "Notary Public."

It is objected that the figures "3—15—1884," and "2—11—84" have no legal significance, and that the appellant was not bound to take notice therefrom the date at which the notice was written, or of the date of the paper protested. There is nothing in this objection; the appellant knew as well from the figures employed the dates intended as though the names of the months had been written, and that was all that was necessary.

But it is contended that the bill was not so described in the notice as to give to the appellant the information that it was the paper sued on that was protested. We think otherwise.

From the facts stated the appellant, if a person of ordinary intelligence, could but understand that the paper sued upon was the paper referred to in the notice, and especially so if he had drawn no other bill for the same amount, on the same date, directed to the same persons for acceptance. Upon the sufficiency of such notices we cite the following authorities: *Henry* v. *State Bank, supra;* 2 Am. and Eng. Encyc. of Law, p. 408, and notes; Tiedeman Com. Paper, section 345; Randolph Com. Paper, section 1224.

But it is contended, lastly, that the appellant was not informed who held the paper, and where it could be found.

The notice stated that the bill was protested at the instance of the First National Bank of Chicago, and the appellant could but understand from this that it held the paper, at least that he could ascertain its whereabouts by inquiring of said bank. Randolph Com. Paper, section 1221; 2 Am. and Eng. Encyc. of Law, pp. 410, 411; Daniel Neg. Inst., section 979. We quote from this last authority: "The

notice need not state who is the holder of the bill or note, nor at whose request it is given."

We find no error in the record.

Judgment affirmed, with costs.

