No. 17,374.

## BOWEN ET. AL v. JULIUS.

PLEADING.—*Complaint Insufficient.*—*For Satisfaction of Mortgage.*— *Premature Tender.*—*Promissory Note.*—In an action to compel the satisfaction of a mortgage, the complaint (which showed that the note—non-negotiable by the law merchant—was dated April 28, 1893, due one year after date, and that on April 27, 1894, the amount due was tendered and a demand made that the mortgage be satisfied) was insufficient on demurrer, the tender having been made before maturity of the note.

From the Carroll Circuit Court.

*J. H. Gould* and *G. R. Eldridge*, for appellants.

*R. C. Pollard* and *C. R. Pollard*, for appellee.

MONKS, J.—Appellee brought this action against appellants to compel the satisfaction of a mortgage.

It is alleged in the complaint that one Cripe executed to the appellants a mortgage on certain real estate in Carroll county, Indiana, to secure a note dated April 28, 1893, payable one year after date; that afterward appellee

purchased said real estate from Cripe, and the same was conveyed to him by deed; that as part of the purchase money thereof he assumed and agreed to pay said note for $220; that on the 27th day of April, 1894, he tendered said sum of $220 to appellants, being the amount then due and owing on said note, and demanded that they should cancel and satisfy said mortgage; that appellants refused to accept said money so tendered and refuse to cancel and satisfy said mortgage; that appellee now brings said money into court and tenders the same, and he has deposited the same in the hands of the clerk of said court for the use and benefit of appellants and in payment of said note and mortgage.

A demurrer for want of facts was overruled. An answer of general denial was filed. Trial by court, finding for appellee, and over a motion for a new trial, judgment was rendered for appellee.

The errors assigned are:

First. That the court erred in overruling appellants' demurrer to the complaint.

Second. That the court erred in overruling appellants' motion for a new trial.

Appellants contend that the complaint is bad because it is affirmatively shown that the alleged tender was made before the maturity of the note. In computing the time when a note, not governed by the law merchant, payable a certain number of days after date will become due, the rule is to exclude the day of the date and include the day of payment. *Benson* v. *Adams*, 69 Ind. 353; *Brown* v. *Jones*, 125 Ind. 375; *Avery* v. *Stewart*, 2 Conn. 69, 7 Am. Dec. 240; *Woodbridge* v. *Brigham*, 12 Mass. *403, 7 Am. Dec. 85; 26 Am. and Eng. Encyc. of Law, pp. 97, 98 and notes.

This rule applies to a promissory note payable a certain number of months after date; that is, a note dated

April 28, payable one month after date, is due and payable May 28. *Ammidown* v. *Woodman*, 31 Me. 580; *Roehner* v. *Knickerbocker*, etc., *Ins. Co.*, 63 N. Y. 160, and cases cited. The same rule applies to notes payable one or more years after date. *Ripley* v. *Greenleaf*, 2 Vt. 129.

The note mentioned in the complaint was dated April 28, 1893, and therefore was due and payable April 28, 1894. The tender alleged in the complaint was premature and was of no effect; appellants were not required to accept the money before it was due. *Abshire* v. *Corey*, 113 Ind. 484; *Reed* v. *Rudman*, 5 Ind. 409; 2 Wharton Contracts, sec. 980. It would seem that a tender on condition that appellants would cancel the mortgage was not sufficient. *Story* v. *Krewson*, 55 Ind. 394.

The court erred in overruling the demurrer to the complaint. The mortgage mentioned in the complaint and given in evidence at the trial did not secure the note for $53.75 offered in evidence. *Bowen* v. *Ratcliff*, assignee, 140 Ind. 393.

Judgment reversed, with instructions to sustain demurrer to the complaint.

