## HAWKINS ET AL. *v.* THOMPSON.

[No. 9,748. Filed March 14, 1919.]

1. PLEADING.—*Complaint.—Proof.—Variances.—Statutes.*—Although courts recognize the rule that plaintiff must recover on his allegations and proof or not at all, the application of the rule does not preclude them from giving effect to §§400, 700 Burns 1914, §§391, 658 R. S. 1881, relating to variances. p. 608.

2. APPEAL.—*Review.—Issues.—Variance.—Presumptions.—Amendments to Complaint.*—Where, in an action for the purchase price of corn, the complaint sought to recover for corn sold in January, but evidence was introduced without objection which would sustain a recovery for corn delivered in April, and defendants do not claim to have been misled by the variance, the court on appeal, if necessary, will deem the complaint to have been amended to conform to the proof. p. 609.

3. EVIDENCE.—*Market Value of Grain.*—In an action to recover the purchase price of a quantity of corn, evidence as to the value during the month of January and the first half of February, and that after that time and before the corn was delivered in April the

market price dropped from five to ten cents a bushel, is sufficient to afford a basis for inference as to the value of the corn at the time of the April delivery. p. 609.

4. APPEAL.—*Review.*—*Instructions.*—*Consideration as a Whole.*— All instructions given should be construed as a whole, and if, when so considered, they fairly and accurately state the law of the case, it is sufficient. p. 610.

From Benton Circuit Court; *Burton B. Berry,* Judge.

Action by George Thompson against Wilbert Hawkins and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Charles M. Snyder* and *E. G. Hall,* for appellants.
*Fraser & Isham* and *Elmore Barce,* for appellee.

BATMAN, P. J.—This is an action brought by appellee against appellants to recover for a quantity of corn alleged to have been sold and delivered by the former to the latter. The complaint is in two paragraphs, the first being on a *quantum meruit,* and the second on a special contract of sale. Appellants filed an answer in two paragraphs, the first being a general denial, and the second being affirmative, in which facts are alleged on which a compromise and settlement is based. Appellants also filed a cross-complaint against appellee, in which they alleged that the latter was indebted to them in the sum of $150.73 for money loaned, etc. Issues were duly joined on said affirmative paragraph of answer and said cross-complaint by general denials. The cause was submitted to the jury for trial, resulting in a verdict in favor of appellee, on which judgment was duly rendered. Appellants filed a motion for a new trial, which was overruled, and this action of the court is the sole error assigned on appeal.

The only errors presented by appellants in their propositions or points relate to the giving of instructions Nos. 5, 8 and 9, and the refusal to give instruction No. 3 requested by them. The evidence in this case tends to show that appellee was a tenant on the lands of one James M. Fowler, near the village of Free in Benton county, Indiana; that in the month of January, 1916, appellee had on said lands about 1,400 bushels of corn, and his landlord had about 1,700 bushels of corn thereon; that on or about the 10th day of said month appellee sold appellants 1,400 bushels of corn, with the understanding that the number of bushels was an approximation only, and might vary as much as 200 bushels, more or less; that in the month of February, 1916, appellee delivered to appellants 1,242 bushels of the corn so sold to them; that the parties were unable to agree as to the amount which appellants were to pay for said corn, and thereupon appellants stated to the appellee that they had bought his landlord's corn, and proposed to turn over to him 1,242 bushels thereof in lieu of the corn he had delivered to them. The evidence is conflicting as to whether appellee agreed to accept said proposal, or if such an agreement was made, whether it was annulled. However, the evidence tends to prove that no portion of the landlord's corn was set apart to appellee, but in the month of April, 1916, appellee hauled 1,729 bushels of the corn which appellants had bought of his said landlord and delivered the same to them, as he was required to do by the terms of his contract of tenancy, and that appellants paid his said landlord for 1,729 bushels of corn, but did not pay appellee for the corn which he had sold and delivered to them.

By instruction No. 5 the jury was informed that, if it found that there was no contract between appellee and appellants for the sale and purchase of corn, but notwithstanding that fact appellee delivered to appellants 1,242 bushels of corn, which they accepted and converted to their own use, then appellee would be entitled to recover. By instruction No. 8 the jury was informed that, if it found that the parties in good faith believed they had made a contract for the sale and purchase of corn, and that appellee, acting on such belief, delivered said corn to the appellants, that after such delivery the parties discovered that their minds had not met on the quantity, quality or price of such corn, and thereupon an agreement was made that the corn which had been delivered should be credited to some other account, and that appellee should have the same amount of corn of appellants, then in his possession, that the parties acted on said agreement, and thereafter appellee delivered the corn, so received, to appellants, then he would be entitled to recover the fair cash market value of such corn at the time of its delivery. Appellants base their objections to said instructions on the ground that both paragraphs of the complaint seek to recover for corn sold by appellee on January 10, 1916, and delivered in the month of February of that year, but notwithstanding such fact each of said instructions authorizes a verdict in favor of appellee for corn sold and delivered in the month of April of said year. In making

1.    this contention they rely upon the rule that a plaintiff must recover *secundum allegata et probata* or not at all. While the courts recognize this rule, its application does not preclude them from giving effect to §§400, 700 Burns 1914, §§391, 658 R. S.

1881, relating to variances. As said in *Southern Ind. R. Co.* v. *Drennen* (1909), 44 Ind. App. 14, 26, 88 N. E. 724, the rule that parties must recover *secundum allegata et probata* or not at all should not be extended to include allegations in detail. It appears as an undisputed fact in this case that appellee delivered to appellants 1,242 bushels of corn, either in February or April, 1916, for which they still owe him, less a credit of $189.33. The first paragraph of the complaint is on a *quantum meruit,* based on an alleged sale and delivery of corn on or about January 10, 1916. The two instructions under consideration are applicable to the issues formed thereon, and there was no error in giving them, unless it can be said that the fact that they would authorize a recovery for a sale and delivery of corn in April, 1916, renders them erroneous, as claimed by appellants. Evidence was introduced on the trial that would sustain a recovery, if the jury found that the corn for which appellants are indebted to appellee was delivered during the month last named. The briefs do not disclose that any objections were made to its introduction, and appellants do not claim to have been in anywise misled. Under these circumstances this court, if necessary, will deem the complaint amended on the trial, so as to conform to the evidence with reference to the date of the sale and delivery of such corn. *Southern Ind. R. Co.* v. *Drennen, supra.* But appellants contend that there was no evidence of the value of the corn delivered in April, 1916, and for that reason the court erred in giving said instructions. The record shows that evidence was introduced which tends to show the value of such corn during the month

of January and the first half of February, 1916, and that after such time, and before the delivery of the corn in April, the market price of such corn had dropped from five to ten cents per bushel. While this evidence is not entirely satisfactory, it at least affords a basis for an inference as to such value at the time of the April delivery, which may be accepted in the absence of evidence of a more certain character. We conclude the court did not err in giving said instructions Nos. 5 and 8.

Appellants also contend that the court erred in giving instruction No. 9. It is well settled that in order to determine whether reversible error has been committed in giving instructions, all the instructions given should be considered as a whole. *Danville Trust Co.* v. *Barnett* (1916), 184 Ind. 696, 111 N. E. 429. When so considered, if they fairly and accurately state the law of the case, it is sufficient. *American Maize Products Co.* v. *Widiger* (1917), 186 Ind. 227, 114 N. E. 457. Applying these rules to the instructions in the instant case, we find that instruction No. 7 informed the jury as to appellee's right to recover in the event it found that appellant's theory of the contract, as set out in the affirmative paragraph of their answer, was sustained by the evidence. Instruction No. 8 informed the jury as to appellee's right of recovery in the event it found that the minds of the parties did not meet on the quantity, quality, or price of the corn first delivered, and an agreement was made for the delivery of other corn to appellee in lieu thereof, as alleged by appellants in their affirmative paragraph of answer, and that appellee afterwards delivered said corn, so received in exchange, to appellants. Instruction No. 9 informed

the jury as to appellee's right of recovery in the event it found that appellee's theory of the contract, as set out in his second paragraph of complaint, was sustained by the evidence. Other instructions given informed the jury as to the rights of the parties in the event it found the evidence establishes certain other facts. Taking instructions as a whole, we believe they fairly state the law, as applicable to the issues and the evidence, and that the court did not err in giving said instruction No. 9.

Error is also predicated on the action of the court in refusing to give instruction No. 3 requested by appellants. Based on the reasons given in considering instructions Nos. 5 and 8 given by the court, we hold that there was no error in refusing to give said instruction.

We find no error in the record. Judgment affirmed.