WELLS FARGO AND COMPANY, EXPRESS, *v.* FIRST NATIONAL BANK OF HAMMOND.

[No. 9,870.    Filed June 20, 1919.]

1.  APPEAL.—*Review.—Evidence.—Sufficiency.—Scope of Review.— Weighing Evidence.*—In determining whether findings are supported by sufficient evidence, the court on appeal need only con-

sider such evidence as tends to support the findings, and conflicting oral evidence will not be weighed. p. 589.

2. BILLS AND NOTES.—*Bank Checks Payable in Foreign State.— Nonpayment.—Notice to Indorser.—Law Governing.*—In an action against an indorser of bank checks payable in Illinois, the law of that state governs as to the time within which notice of nonpayment must be given to an indorser. p. 589.

3. BILLS AND NOTES.—*Bank Checks.—Notice to Indorser.—Sufficiency of Evidence.*—In an action against an indorser of bank checks, evidence *held* sufficient to sustain the finding that notice of the nonpayment of checks was given the indorser within the time required by law. p. 589.

From Porter Circuit Court; *H. H. Loring,* Judge.

Action by the First National Bank of Hammond against Wells Fargo and Company, Express. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*John M. Stinson* and *Holt, Cutting & Sidley,* for appellant.

*Jesse E. Wilson* and *Edgar D. Crumpacker,* for appellee.

NICHOLS, P. J.—The appellee commenced this action against the appellant in the Porter Circuit Court, alleging in its complaint a cause of action based upon appellant's indorsement of certain checks of the Cree Publishing Company payable to the order of appellant, and by appellant indorsed to appellee. The first of these checks is for $906.96, dated November 19, 1912, and the second is for $1,447.30, dated November 27, 1912. There is a third check for $3.95, upon which there is no recovery.

The complaint is in eight paragraphs, to which an answer of six paragraphs is filed. Plaintiff's reply to the answer in one paragraph put the case at issue. It was tried by the court without a jury, and a spe-

cial finding made, upon which conclusions of law
were stated in favor of appellee. Judgment was ren-
dered in favor of appellee and against appellant in
the sum of $2,661.51. After its motion for a new trial
was overruled, the defendant appealed.

Appellant presents fifteen specifications of error
upon which it relies for reversal, all of which that
are available to appellant are embraced in appellant's
statement: That it "relies for reversal upon the in-
sufficiency of the proof to show the receipt by it of
the notice of the nonpayment of each of the checks
herein set out within the time required by law, both
in accordance with the statutes of Illinois, where the
checks were payable, and which were introduced in
evidence in the court below, and in accordance with
the law of the State of Indiana, where the checks were
negotiated and delivered to the plaintiff. The grounds
for reversal thus presented were set forth in the
motion for a new trial, and argued in the court below.
They were overruled."

The substance of so much of the special findings
of fact as is necessary to this opinion is as follows:
On November 19, 1912, the Cree Publishing Company,
of the city of Hammond, Indiana, drew, executed, and
delivered a check in said city to defendant, for $906.96
upon the Colonial Trust and Savings Bank of the city
of Chicago, Illinois, payable to the order of the de-
fendant. On November 21, 1912, the cashier of the
defendant, acting for and on behalf of the defendant,
sold, indorsed and delivered said check to the plain-
tiff, in due course of business, receiving par value
therefor. On November 21, 1912, plaintiff sent said
check by mail to its correspondent, Continental and
Commercial National Bank of Chicago, Illinois, for

collection. On November 22, 1912, said correspondent presented said check to said Colonial Trust and Savings Bank and demanded payment thereof, which was refused for the reason that the drawer had no funds to its credit in said bank. The check was thereupon on said date protested by a notary public and proper notice of said protest and nonpayment was mailed on said date to the plaintiff at Hammond, with a duplicate notice of nonpayment and protest inclosed, addressed to the defendant, which notice to the plaintiff and defendant was received by the plaintiff on November 23. On the day following, to wit, November 23, 1912, the assistant cashier of plaintiff, at its bank in said city of Hammond, during business hours, notified the agent of defendant of said nonpayment and protest, and that defendant would be liable to plaintiff for the payment of said check. On November 27, 1912, said Cree Publishing Company drew a check payable to the order of the defendant upon the said Colonial Trust and Savings Bank at Chicago, for $1,447.30. Said check was drawn, signed and delivered to the defendant in the city of Hammond. On the 30th day of said month, which was Saturday, the defendant, by and through its cashier, sold, assigned and indorsed said check to the plaintiff at its said banking house in the city of Hammond, and duly indorsed the same in the course of business, during business hours, and received therefor its face value. Plaintiff on said day sent said check by mail to its correspondent, the Continental and Commercial National Bank of Chicago, for collection. On Monday, December 2, following, said correspondent presented said check, during business hours, to said Colonial Trust and Savings Bank, and demanded payment,

which was refused for the reason that there were no funds to the credit of the drawer of said check. Thereupon on said day said check was duly protested by a notary public, and notice of nonpayment and protest of said check was sent by mail on the day of its protest to the plaintiff. Plaintiff received said notice, together with notice directed to the defendant, as the indorser, on December 3. On said date, during business hours, the plaintiff, by its cashier, notified the defendant by telephone communication, through its cashier, who was then on duty, informing him of the nonpayment and protest of said check, and that the plaintiff would hold the defendant as indorser liable for the payment thereof. That either on the day the plaintiff received the notice of nonpayment and protest of said check or on the day thereafter, at farthest, said plaintiff, by its cashier, orally notified the defendant's cashier, during business hours, of the nonpayment and protest of said check, and that the defendant would be held liable as indorser for the payment thereof. Each of said checks was given to the defendant by the Cree Publishing Company in payment of money it owed defendant as the proceeds of sales of money orders which it sold for and on behalf of said defendant as defendant's agent. Plaintiff purchased each of said checks in due course and in good faith for a valuable consideration, and exercised due and proper diligence in giving the defendant notice of the nonpayment and protest of each of said checks. The protest fees on said checks were $5.16. The plaintiff has received on said checks $216.12, and the balance of said checks, together with interest from date of protest and protest fees, is wholly unpaid.

In determining whether the findings as to notice are

supported by sufficient evidence, we need only to consider such evidence as tends to support the findings. *Robinson & Co.* v. *Hathaway* (1898), 150 Ind. 679, 50 N. E. 883. And conflicting oral evidence will not be weighed. *Hudelson* v. *Hudelson* (1905), 164 Ind. 694, 74 N. E. 504.

The checks involved being payable in Illinois, the law of that state governs as to the time within which notice of nonpayment must be given to an indorser. *Brown* v. *Jones* (1890), 125 Ind. 375, 25 N. E. 452, 21 Am. St. 227. And such law is fixed by statute of that state, which provides that notice to an indorser must be given by the close of the day following the receipt, in this case by appellee, of the notice of the dishonor of the checks. Illinois Negotiable Instruments Law of 1917, §§88, 93, 102, 106.

Witness Morton Towle, assistant cashier of appellee's bank, testified that in a conversation with Mr. Bowls, local agent of appellant, at Hammond, within a day or two after the notice of protest of the first check, he informed him of the fact that the check had gone to protest, admonishing him to look after it immediately. On cross-examination, he said that it was the next day after the check was returned, and that it was on the day that the notice of protest came to the bank. While the witness was somewhat confused in his statements, his evidence was sufficient to sustain the finding of the court as to the first check.

Witness Belman, cashier of appellee's bank, testified that the second check was brought to appellee's bank on Saturday, November 30, 1912. It was dishonored in Chicago, on Monday, December 2, 1912, and that immediately upon getting the certificate of

protest, which was the day after the protest of the check, being on Tuesday, December 3, 1912, he called Mr. Berwanger, cashier of appellant's company, by phone, and notified him that the second check had come back, and that he wanted them both paid at once. This evidence is sufficient to sustain the finding as to the second check.

The judgment is affirmed.