## DOERING v. SCHNEIDER.

[No. 10,501.   Filed December 7, 1920.]

1. CHATTEL MORTGAGES.— *Finding.— Tender or Waiver.— Evidence.—Sufficiency.—*In an action in replevin to recover possession of personal property subject to a chattel mortgage, evidence *held* to warrant a finding that the mortgagor tendered the amount due, or that tender was waived.   p. 295.

2. APPEAL.—*Review.—Variance Between Pleading and Proof.— Amendments Deemed Made.*—Where, in an action in replevin to recover possession of personal property subject to a chattel mortgage, defendant filed an answer merely alleging tender, but plaintiff made no objection to the introduction of evidence showing waiver of tender, and plaintiff does not claim to have been misled or prejudiced thereby, judgment for defendant based on tender of the amount due will not be disturbed, but the court on appeal will, if necessary, deem the answer amended to conform to the evidence.   p. 296.

3. CHATTEL MORTGAGES.—*Tender.—Refusal.—Renewal.*—In an action in replevin to recover possession of personal property subject to a chattel mortgage, where defendant tendered to plaintiff the amount he claimed to be due, but the tender was refused on the ground of the insufficiency of the amount, it was not necessary for defendant to protect his rights to renew his tender on the occasion of plaintiff's subsequent demands, payment into court being sufficient.   p. 297.

4. CHATTEL MORTGAGES.—*Mortgagee's Election to Treat Obligation as Due.—Tender Before Maturity.—Sufficiency.*—Where a chattel mortgagee, pursuant to a provision in the note, declared the note due and demanded possession of the mortgaged chattels, a tender of the amount due, though made prior to the date of the maturity of the note, was not premature, but was binding and effective, since, by declaring the debt due before the maturity of the note, the mortgagee conferred on the mortgagor the right to pay the same and keep his property. p. 298.

5. TENDER.—*Premature Tender.—Effect.*—A tender of payment of a note before maturity is premature and of no effect, but such rule has no application where there has been a waiver of the right to insist that payment be deferred until the time specified in the note.   p. 298.

From Marshall Circuit Court; *Smith N. Stevens,* Judge.

Action by John H. Doering against John Schneider. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Charles Weidler, Miller Guy* and *John W. Kitch,* for appellant.

*Adam E. Wise,* for appellee.

BATMAN, J.—This is an action in replevin, brought by appellant against appellee, to recover the possession of certain personal property, including an automobile, on which the former claimed to hold a chattel mortgage to secure a debt due him from the latter.   The answer is in two paragraphs, consisting of a general denial, and an affirmative paragraph in which it is alleged that all of the indebtedness secured by said mortgage had been paid except the sum of $23.42, which had been duly tendered to appellant and refused by him.   It is further alleged therein that said sum was brought into court for appellant's benefit for the purpose of making said tender good.   A reply in general denial was filed to said second paragraph of answer.   A trial by a jury resulted in a verdict in favor of appellee, upon which judgment was duly rendered.   Appellant filed a motion for a new trial, which was overruled.   This action of the court is the sole error assigned on appeal.

The only reasons for a new trial stated in appellant's motion therefor are that the verdict is not sustained by sufficient evidence, and is contrary to law.   Ap-

1.  pellant admits that the evidence on the question of the amount due on the indebtedness secured by the mortgage is conflicting, and by reason of such fact expressly limits his brief to a consideration of the question relating to the alleged tender of the balance, which appellee concedes to be owing on said indebtedness.   In this connection appellant has stated a number of abstract propositions of law as to what is necessary

to constitute a tender and a waiver thereof, none of which we controvert. There is nothing in any of these propositions which prevents our holding that the verdict of the jury is sustained by the evidence. The evidence tends to show that appellee and Otto Legner went to appellant's place of business for the purpose of tendering him the sum of $23.71 in payment of the balance due on said indebtedness; that they found appellant sitting at his writing desk; that while there appellee had present, in the possession of said Legner, money sufficient to pay said balance; that said Legner, on behalf of appellee, offered appellant the sum of $23.71 in payment of the balance due on said indebtedness; that appellant, without making any objections to the kind of money offered, refused to accept it because of the insufficiency of the amount, and declared that he would not surrender the note on payment of said sum. These facts, together with the reasonable inferences deducible therefrom, would sustain a finding that a tender was made, and it would likewise sustain a finding that a tender was waived. But appellant asserts that, inasmuch as appellee's affirmative paragraph of answer only alleges a tender, it cannot be sustained

2. by proof of a waiver of tender, and therefore, if the evidence does not establish an actual tender, the answer is not sustained. In support of this contention he cites a number of decisions to the effect that a party must recover *secundum allegata et probata* or not at all. This rule, however, is not available to appellant under the circumstances of this case, as the briefs do not disclose that he made objections to any evidence bearing on the question of such waiver, or that he claims to have been in any wise misled or prejudiced thereby. Under these circumstances, this court, if necessary, will deem appellee's second paragraph of answer amended to conform to the evidence. *Southern Ind. R. Co.* v. *Drennen*

(1909), 44 Ind. App. 14, 88 N. E. 724; *Hawkins* v. *Thompson* (1919), 69 Ind. App. 605, 122 N. E. 431.

Appellant contends that, even if the court holds that the evidence shows a tender, still appellee was not entitled to recover, as there was no proof that appellee kept his tender good. In support of this contention, he asserts that the evidence shows that, at times subsequent to the maturity of the note evidencing said indebtedness and subsequent to the alleged tender, he made demand for the payment of the balance of said indebtedness, or the possession of the chattel security therefor, and that there is no evidence to show that any tender was made upon any of such occasions. We cannot sustain appellant's contention that appellee failed to keep his tender good. The evidence tends to show that the face of the note evidencing the indebtedness in question was $750; that appellee claimed that the balance due thereon was only $23.71, while appellant insisted that the balance due thereon was over $250; that it was because of this difference as to the amount due thereon that appellant refused to accept the amount which appellee offered to pay. The object of a tender is to enable the other party to accept, and thus escape further liability at any stage of the proceedings. Where a tender has once been made and refused, it is not necessary, as a rule, to renew such tender, and especially is this true where there is no indication that such refusal has been withdrawn and that a tender would be accepted. *Cleveland, etc., R. Co.* v. *Anderson Tool Co.* (1913), 180 Ind. 453, 103 N. E. 102, 49 L. R. A. (N. S.) 749, Ann. Cas. 1916B 1217. In the instant case there is evidence from which the jury may have found that appellant not only refused the tender made by appellee, but that his course thereafter was such as to clearly indicate that he would not accept the same. Under these circumstances, a pay-

ment of the money into court was all that was required after such refusal.

Appellant contends that the note in question, by its terms, did not fall due until May 26, 1917; that the undisputed evidence shows that the alleged tender was made on May 1 of that year; that, by reason of this fact, the tender on which appellee relies was made twenty-five days before the maturity of such note, and was therefore premature and of no effect. While it is true, as stated in the case of *Bowen* v. *Julius* (1895), 141 Ind. 310, 40 N. E. 700, that a tender of payment of a note before maturity is premature and of no effect, such rule cannot be said to have any application where there has been a waiver of the right to insist that payment be deferred until the time specified therein. 26 R. C. L. 634; *Pyross* v. *Fraser* (1909), 82 S. C. 498, 64 S. E. 407, 23 L. R. A. (N. S.) 403, 129 Am. St. 901, 17 Ann. Cas. 150. In the instant case the note in question recites that appellant "has full power to declare this note due, * * * take possession of said car, * * * and sell said car at public or private sale." There is evidence from which the jury may have properly drawn an inference that appellant had exercised such power prior to the alleged tender by appellee, and had thereby waived the right to insist on payment being deferred until the time specified in the note therefor. As a basis for such an inference we cite the facts which the evidence tends to establish with reference to the demand by appellee for the possession of the property covered by the mortgage in question, prior to the date named in said note for its maturity, and also with reference to the peppermint oil and horse, which appellant secured from appellee and applied on said note prior to said date. Such an inference would be further supported by the fact that

appellant placed the note in question in the hands of an attorney for collection prior to the date on which it was payable according to its terms, as well as by the fact that, when appellee made his alleged tender, appellant did not refuse the same because the note in question was not due, but because the amount tendered was not the full amount of the balance due thereon. The conclusion we have reached finds support in the case of *Rice* v. *Kahn* (1887), 70 Wis. 323, 35 N. W. 465, wherein the court, in considering the effect of a tender made prior to the maturity of a mortgage debt, said: "We do not regard the fact of any importance that the most of the mortgage debts were not due at the time the property was seized. If a mortgagee avails himself of a stipulation in the mortgage to that effect, and takes possession of the mortgage property, or is about to do so, before the debt secured by the mortgage falls due, he thereby confers upon the mortgagor the right to pay the debt and keep his property." Under the facts which the evidence tends to establish, a finding that appellant had waived the right to insist that the note was not due until the date named therein was fully warranted. We therefore hold that the alleged tender upon which appellee relies was not premature. There was no error in overruling appellant's motion for a new trial.

Judgment affirmed.