### MATSON v. PARKHURST ET AL., HEIRS OF JOSEPH PARKHURST, DECEASED.

Chancery will relieve an assignee of a bond for a deed, against the heirs of the obligor, on the ground of mistakes and accidents.

PETITION in chancery, alleging that on the 19th of January A. D. 1775  Weaver agreed to purchase of said Joseph deceased, and  Gleason a certain tract of land, [boundaries described] which they jointly owned as tenants in common, at the price of £150 lawful money, for which said Weaver gave to them his note, payable in two years from the date, and said Joseph and Gleason executed to said Weaver their bond, binding themselves, their heirs, executors, etc. to execute to him a deed of said land upon his paying said note; that said Weaver within the two years aforesaid, for a valuable consideration, sold and assigned to the petitioner said bond

for a deed; that said Joseph Parkhurst died, leaving the petitionees his heirs and legatees; also a plentiful estate which has descended and come to them, having appointed said Gleason his executor.

That the petitioner within said term paid said Gleason, executor of said Joseph, said £150 and took a deed from him alone of said land and delivered up said bond for a deed, given by him and said Joseph, supposing said deed had conveyed the whole land; said Gleason had since become a bankrupt and no bond was taken at the Court of Probate that he should faithfully execute his trust; and the petitionees have instituted a suit at law for the recovery of their half of said land which is now pending in this court; praying that the petitionees may be compelled to convey to him their half of said land, according to the agreement in said bond, and that they be laid under a perpetual injunction never to prosecute their said suit at law for the recovery of said land.

Plea in abatement — 1st. That the petitioner has a remedy at law against said Gleason upon the covenants in said deed. 2d. That the money was paid to said Gleason and the heirs of said Parkhurst have not received any benefit by it. 3d. That the facts stated in the petition, do not entitle the petitioner to relief in chancery.

Judgment — Plea insufficient.

The petitioner gave to said Weaver a discharge, and moved to have him sworn as a witness — which was objected to. He was admitted and sworn.

The petition was heard upon the merits, and the facts therein stated being found to be true, was granted. Which was carrying into effect substantially and specifically the original contract between the parties, which by accident and mistake had been prevented.