ABBE *against* GOODWIN.

*Litchfield,*
June, 1829.

Abbe
*v.*
Goodwin.

Where the defendant in a suit in chancery put in a general answer to the bill, that all the facts alleged were untrue, and the court, instead of finding the facts specially, as the statute requires, found generally, that all the facts alleged were untrue, and dismissed the bill ; it was held, in a subsequent suit between the same parties, that such decree was not a bar or estoppel, 1. because the finding embraced the allegation of the value of the matter in demand, and consequently, deprived the court of jurisdiction ; and 2. because the precise point relied upon was not put in issue and decided.

In chancery, a mistake in a deed may be shewn by parol evidence.

Before the time of payment specified in a mortgage deed, chancery will not, on a tender of the principal of the debt, with interest to the stipulated time of payment and costs, allow the mortgagor to redeem, and enjoin against an action at law for possession of the premises ; as this would be to substitute another contract for that which the parties had entered into.

THIS was a bill in chancery to redeem mortgaged premises, and for an injunction against an action of ejectment for such premises, brought by *Goodwin* against *Abbe,* and pending in court. The present suit was commenced in *December,* 1827.

The parties were proprietors of adjoining building lots in the village of *Litchfield;* and the premises consisted of a right in a gang-way and of a strip of land contiguous to it, which *Goodwin* sold to *Abbe,* on the 26th of *January* 1826, for the sum of 900 dollars. To secure the purchase money, *Abbe* gave *Goodwin* four promissory notes, for 225 dollars each, bearing date the same day, and payable one in each year for four successive years, with annual interest, and mortgaged to him the land in controversy. Immediately afterwards, *Abbe* went into possession and erected a new building for an office and druggist's shop, partly on the land which he previously owned, and partly on the premises. In *September,* 1827, *Goodwin* commenced an action of ejectment for the premises, which is still pending. Before the commencement of the present suit, *Abbe* paid to *Goodwin* the amount of the two notes, which had become payable, and tendered to him the principal of the other two notes, together with the interest thereon which had accrued, and which would accrue to the times when they would become due, and the costs in the action of ejectment.

The defendant, in his answer, to rebut the plaintiff's equity, averred a mistake to have happened in the original deed given to the plaintiff, by which more land was conveyed than ought

*Litchfield,*
June, 1829.

Abbe
*v.*
Goodwin.

to have been conveyed, according to the agreement of the parties.

The plaintiff replied to this answer, that the defendant ought to be estopped from alleging any mistake ; for that heretofore the defendant brought his bill before the county court, seeking relief against the same alleged mistake, and upon a hearing of the parties, with their proof, on a general answer to the bill, that all and singular the facts alleged were untrue, the court found them untrue.   To this reply the defendant rejoined, setting out the record of the county court *in hisce verbis.*   A demurrer by the plaintiff closed the pleadings.

By consent of parties, the superior court heard the cause upon the demurrer, and, at the same time, enquired into the facts in controversy, as though it had been a hearing upon bill and answer.

To prove the mistake as set forth in the answer, the defendant offered parol testimony ; to the admission of which the plaintiff objected.   The court decided, that it was admissible ; and on this testimony found the fact of the mistake.   It appeared also, that the same testimony was heard in the county court, on the bill brought by *Goodwin* against *Abbe.*

The circumstances of the mistake were stated very minutely, both in the answer of the defendant to the present bill, and in his former bill in the county court ; but it seems not necessary to detail them here.   In relation to the former bill, however, it ought to be observed, that it contained an allegation, that " the property and matter in dispute is less in value than 335 dollars."

A case thus made, and presenting the following questions, was reserved for the consideration and advice of this Court : 1. Is the defendant estopped or barred, by the matter appearing in the replication ?   2. May the facts relied on, by the defendant, of the mistake, be proved by parol evidence ?   3. Has the plaintiff any merits ?

*Bacon* and *Sanford,* for the plaintiff, contended, 1. That the determination of the county court is conclusive upon the rights of the parties ; and the defendant is not now at liberty to set up the matter contained in his answer relating to the alleged mistake.   The rule is, that a fact which has been once directly tried and decided, by a court of competent jurisdiction, shall not be contested again between the same parties, or their priv-

ies, in the same or any other court. *Swift's Ev.* 10. *Betts* v. *Starr*, 5 *Conn. Rep.* 550. *Outram* v. *Morewood*, 3 *East* 346. And there is no difference between a verdict and judgment at law and a decree in equity. *Hopkins* v. *Lee*, 6 *Wheat.* 113.

First, the *parties* in this suit are the same as in the suit in the county court.

Secondly, the *facts* set up in the defendant's answer in this suit are the same as in his bill in the former suit. The same evidence would support both; and this is the decisive test of identity. 1 *Stark. Ev.* 198. *Kitchen* & al. v. *Campbell*, 3 *Wils.* 304. 308. The fact now in issue need not be the *only* one in issue upon the former trial; it is sufficient if it must necessarily have been passed upon, and was essential to the finding. 1 *Stark. Ev.* 200. 6 *Wheat.* 114.

Thirdly, the trial and adjudication were *direct* upon the point now in litigation. The issue in the county court was formed upon the plea, that each and all of the allegations in the bill were untrue; and the court finds, in the very words of the plea, that they are each and all untrue. The record demonstrates the fact with incontrovertible certainty. 4 *Conn. Rep.* 281.

Fourthly, the adjudication was by a court of *competent* jurisdiction. It will be admitted, that the parties and the subject matter were within the general jurisdiction of the county court; and that the averment in the bill of the value of the matter in dispute, was sufficient to sustain the jurisdiction of that court.

But it may be said, that the court has found the value of the property to be beyond its jurisdiction. This we deny. The value of the property was not in issue. By pleading to the merits, the jurisdiction was admitted. *Mitf. Plead.* 134, 5. *Trelawney* v. *Williams*, 2 *Vern.* 484. *Barrington* v. *Venables*, *T. Raym.* 34. *Smith* v. *Elder*, 3 *Johns. Rep.* 113. *Underhill* v. *Van Cortlandt*, 2 *Johns. Ch. Rep.* 369, 370. *Newtown* v. *Danbury*, 3 *Conn. Rep.* 553, 558. *Pitkin* v. *Flowers*, 2 *Root*, 42. 5 *Conn. Rep.* 439. *n.* That averment not being in issue, the court had no right to pass upon it; and if it did, the finding is so far *nugatory.* 1 *Swift's Dig.* 776. 6 *Mass. Rep.* 304. 11 *Mass. Rep.* 358. If it had *incidentally* appeared, upon the trial, that the value exceeded 335 dollars, the court would not have dismissed the suit. The rule upon this subject, is; If the court has general jurisdiction of the parties and the subject

*Litchfield,*
June, 1829.

Abbe
*v.*
Goodwin.

matter, and may, under any circumstances, take cognizance of the suit ; and the existence of these circumstances is averred ; if the defendant does not take issue upon that averment by plea, but enters into the defence at large ; the court will not dismiss the suit. But if no circumstances can give the court jurisdiction, it will, *ex officio,* dismiss the suit, in any stage of the proceedings. *Mitf. Plead.* 134, 5.

Finally, if the averment respecting value was in issue, and the finding upon it is what the defendant claims, still the court was not ousted of its jurisdiction. The averment in the bill is, that the matter in dispute is of less value than 335 dollars. What if the court has found that averment untrue ? The county court has jurisdiction of all suits for relief in equity wherein the matter in demand shall not *exceed* 335 dollars. *Stat.* 140. Now, it does not follow, that because the value is *not less* than 335 dollars, it therefore *exceeds* that sum.

2. That mere parol evidence was neither admissible nor sufficient to shew a mistake in the deed. The general principle in relation to the admissibility of parol evidence to controul, vary or affect a written instrument, is, that it shall not be received, either in courts of law or equity. *Phill. Ev.* 424. 448. *Woollam* v. *Hearn,* 7 *Ves.* jun. 211. cited *Phill. Ev.* 455. & seq. *Mumford* & al. v. *McPherson* & al. 1 *Johns.Rep.* 414. 418. *Dwight* v. *Pomeroy* & al. 17 *Mass. Rep.* 303. Cases, indeed, may be found, in which parol evidence has been admitted to shew a mistake in a written instrument, where the plaintiff comes into equity *to enforce a specific performance ;* but that is not the present case.

3. That the plaintiff is entitled to the relief sought. The note and mortgage are constituent parts of one entire contract ; and the rights of the parties depend upon the united effect of both. The object of both is payment of the mortgage debt. A mortgage is looked upon as a personal contract, and the mortgagee has no interest beyond his money. *Brown* v. *Gibbs, Prec. Chan.* 99. If he gets possession, it is for the sole purpose of obtaining payment. His right to sue for possession is only one of his remedies for the collection of his debt. 2 *Conn. Rep.* 447. 450. The legal title is vested in him for no other purpose. 2 *Swift's Dig.* 169. 4 *Conn. Rep.* 237. Now, will a court of chancery suffer the mortgagee to wrest the mortgaged premises out of the possession of the mortgagor, against his will, and manage it in his own way, and

at the same time, refuse at the hands of the mortgagor the *Litchfield,* money, which is the sole object of his pursuit, and the only *June,* 1829. object which he can obtain ?   Such a construction of the contract could not have been contemplated by the parties, when it was entered into ; and would be ruinously injurious to the' mortgagor, without any legitimate advantage to the mortgagee. When the mortgagee commences his suit to obtain possession, he thereby declares his intention to expedite the payment of the debt.   Then he demands property for the payment of his debt ; and then the mortgagor has a corresponding right to meet this demand with the money.

Abbe
*v.*
Goodwin.

Courts of equity are in the constant practice of interfering in analogous cases.   Thus : At law a mortgagee in possession may commit waste ; but chancery will restrain him, if the security is sufficient ; otherwise, it will permit him to cut all the timber, applying the proceeds in payment of his debt.   Suppose he commences cutting before the money is due ; will not chancery enjoin him, upon payment of debt and interest ?   It deprives parties of their legal rights, by marshalling assets.   If freehold and leasehold estates are mortgaged, chancery will charge the debt on the freehold estate, in order to enlarge the fund for payment of other debts and legacies.   1 *Madd.* 620. In the case of penal bonds, if the penalty is intended to enforce performance of a collateral object, chancery will grant an injunction against a suit for the penalty, and direct an issue *quantum damnificatus.* 1 *Madd.* 433. Forfeitures of conditions will be relieved against, in every case where compensation can be made.   1 *Madd.* 43.   Upon what principle does chancery interpose in these cases ?   It discovers, that without its interposition, injustice will, and in some cases irreparable mischief may be done, while its interposition will do no injury to any one, but substantial justice to all concerned.   This principle is applicable, in its full extent, to the present case.

The case of *Talbot* v. *Braddill,* 1 *Vern.* 183. 394. cited *Com. Dig. tit.* Chancery, 4 A. 5. where a mortgagor was permitted to redeem, before the day of payment in the deed, is not merely analogous, but *in point.*

*J. W. Huntington* and *T. Smith,* for the defendant, contended,   1. That the decree of the county court in the case of *Goodwin* v. *Abbe,* was not a bar or an estoppel to the matter alleged in the defendant's answer.   In support of this propo-

*Litchfield,*
*June, 1829.*

Abbe
*v.*
Goodwin.

sition several considerations were urged, the more prominent of which were—First, that in the former suit, issue was not taken on any precise point. *Church* v. *Leavenworth,* 4 *Day,* 274. *Manny* v. *Harris,* 2 *Johns. Rep.* 24. *Bradford* v. *Bradford,* 5 *Conn. Rep.* 132. *Smith* v. *Sherwood,* 4 *Conn. Rep.* 276. *Betts* v. *Starr,* 5 *Conn. Rep.* 550. *Cowles* v. *Hart & al.* 3 *Conn. Rep.* 522. *Outram* v. *Morewood,* 3 *East,* 352. *Evelyn* v. *Haynes,* cited 3 *East,* 365. 2 *Stark. Ev.* 190. 200. 202. 205. Secondly, it appears from the finding of the county court, that it had no jurisdiction ; for the finding is, that *all* the allegations are untrue, one of which is, that the matter in demand was less in value than 335 dollars. This was a *material* allegation, and was embraced by the general finding. *Griswold* v. *Mather,* 5 *Conn. Rep.* 435. *Com. Dig. tit. Estoppel,* E. 1.

2. That parol evidence is admissible to prove the mistake of a scrivener in drawing up an instrument, even in favour of a plaintiff, who is seeking to have the instrument rectified ; *a fortiori,* where the evidence is offered by a defendant, to rebut an equity.

3. That the plaintiff's bill is destitute of merits. [In consequence of an intimation from the Court in the defendant's favour, the argument on the two last points was not pursued.]

DAGGETT, J. 1. Is the defendant estopped or barred, by the matter appearing in the replication ? The case is embarrassed, by the decree of the county court. That court, instead of finding the facts specially, agreeably to the requirements of the statute, founded their decree on the general finding, that none of the facts were true. The words are : " All and singular the facts are untrue." This could not have been so ; for there are many of the facts thus found untrue, which the plaintiff now makes the basis of his bill. This is obvious upon inspection. It may then be well doubted if such a finding of the county court can avail more than if it had been embraced under the general expression—*all the material facts are untrue*—which would leave it in the power of the county court to decide definitively on the question, what facts are material, and thus preclude a revision by the court above. The statute on this subject is very particular. " It shall be the duty of the courts of equity to cause the facts on which they found their decrees to appear on the record, either from the plead-

ings or decree." *Stat.* 196. *sect.* 2. This clause was intro- <span>*Litchfield,*<br>June, 1829.</span>
duced into our statutes in 1801, for the purpose of preventing
the evil above suggested. It may be doubted, then, if such a <span>Abbe<br>*v.*<br>Goodwin.</span>
finding of facts does necessarily import more than that
certain facts, *essential*, in the opinion of the court, were not
found. Now, among those facts necessary to be proved, to
give the court jurisdiction, is the fact, that the matter in de-
mand was of less value than 335 dollars. This fact being by
the county court found untrue, it resulted necessarily, that they
had no jurisdiction ; and then they might well find all the oth-
er facts untrue.

There are two answers attempted to be given to this rea-
soning. First, it is urged, if the defendant will proceed to try
his cause before a court of general jurisdiction, without availing
himself of a plea to the jurisdiction, he shall not be permitted to
avail himself of it on the merits, or in any subsequent stage of
the proceedings. This answer comes quite too late. In *Gris-
wold* v. *Mather*, 5 *Conn. Rep.* 435. and *Wells* v. *Watson*, 5
*Conn. Rep.* 468. the judgments of the superior court were re-
versed, because it did not appear, that the value of the prop-
erty was greater than 335 dollars.

Secondly, it is said, that the court might have had jurisdic-
tion ; for the averment in the bill is only that the value of the
matter or thing in dispute *is less* than 335 dollars ; whereas
the law vests the court with jurisdiction in those cases where
the value of the property *does not exceed* 335 dollars. This is a
mere *apex* of the law, and the terms, doubtless, are under-
stood as synonymous.

But can this decree of the county court be a bar or an es-
toppel ? This question appears to be settled, by the decision
in *Smith* v. *Sherwood*, 4 *Conn. Rep.* 278. " To constitute an
estoppel by a former judgment, the precise point which is to
create the estoppel, must have been put in issue and decided."
Nor is it a bar ; for in *Church* v. *Leavenworth*, 4 *Day* 274. and
*Manny* v. *Harris*, 2 *Johns. Rep.* 24. it was decided, that to
make a verdict evidence, it must appear that the same point
was directly in issue between the parties, and was found by
the jury.

2. Could the fact of the mistake in the deed be proved by
parol evidence ? This point is so clear, that it cannot be ne-
cessary to illustrate it. The doctrine ought to be considered
at rest, if repeated decisions, here and elsewhere, can make it

Litchfield,
June, 1829.

Abbe
*v.*
Goodwin.

so.  In *Gillespie* & ux. v. *Moon*, 2 *Johns. Ch. Rep.* 585. *Chapman* v. *Allen*, *Kirby* 400.   *Matson* v. *Parkhurst*, 1 *Root* 404.   *Cook* v. *Preston*, 2 *Root* 78.   *Peters* & al. v. *Goodrich*, 3 *Conn. Rep.* 146. 150.   *Washburn* v. *Merrills*, 1 *Day* 139. and *Avery* & ux. v. *Chappel* & al. 6 *Conn. Rep.* 270. it was decided, that a mistake in a deed or other writing may be shewn, by parol testimony.   The proof, to be sure, must be explicit, and entirely satisfactory.

3. Has the plaintiff any merits?   What is the object of this bill?   It is to compel the defendant to accept his money before it is due, and relinquish his security.   In other words, it is to substitute another contract for that which the parties have entered into.   It will be in vain to search for authorities to that effect.   None are shewn.   It is opposed to the whole doctrine of contracts.   A solitary case is cited.   *Talbot* v. *Braddill*, 1 *Vern.* 183. 394.   In that case, the Lord Keeper permitted a man to redeem before the day of payment in the deed, on the ground that the bargain was unreasonable, after the lapse of twenty-five years, and when the yearly income of the premises exceeded the interest of the money.   It is surely too bald to insist, that the obligor, by his own act, may discharge the contract before it is due.   We might next expect to be pressed, on some real or imaginary equity, to enforce the payment of money before it is due, or to permit an obligor to be discharged upon payment of fifty *per cent.* of the sum due.

I would, therefore, advise the superior court, that there is no sufficient bar or estoppel set forth; that parol evidence was properly admitted to shew the mistake in the deed; and that the plaintiff's bill is insufficient, and that it be dismissed with costs.

The other Judges were of the same opinion.

Bill to be dismissed.