## 7177

### PYROSS v. FRASER.

PAYMENT—WAIVER—MORTGAGES—CONTRACTS.—TENDER of amount due on a mortgage debt before maturity is not a legal tender as mortgagee cannot be required to accept payment until debt is due. That mortgagee accepted a part of the debt before maturity is not a waiver of his right to hold remainder of investment until maturity.

Before KLUGH, J., Georgetown, November, 1907. Affirmed.

Action by Richard Pyross against Jno. W. Fraser. From Circuit decree, defendant appeals.

*Mr. T. St. Mark Sasportas,* for appellant, cites: *Tender before maturity released him of mortgage:* 2 Jones on Mtg., sec. 886; 25 L. A. Ann., 438; Code, 1902, sec. 2374-5; 36 S. C., 428; H. & McH., 136; 14 Me., 335, 22 S. E. R., 516; *Salinas* v. *Ellis,* 26 S. C.; 50 N. Y., 547.

*Mr. M. W. Pyatt,* contra. *Oral argument.*

April 24, 1909. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This action was brought for the foreclosure of a mortgage on land in the city of Georgetown, given by the defendant to the plaintiff to secure a bond for the sum of two hundred and fifty dollars, the purchase money of the land. The complaint alleged the balance due at the time of the commencement of the action to be $117 with interest and attorney's fees. The defense alleged in the answer was, tender on 14th March, 1905, of the sum of $67, as the full amount then unpaid. The issues were referred to a referee who reported that the last instalment of the bond became due on 20th July, 1905, and on that day the entire sum due by the defendant was $47; and that the defend-

ant's tender on 14th March, 1905, was not a legal tender and did not discharge the lien of the mortgage, because the tender was made before the last instalment fell due, and the mortgagee could not be compelled to accept his debt until maturity. The Circuit Court sustained the referee and made a decree of foreclosure.

Few adjudications of the question here made as to the right of a debtor to pay his debt before maturity are to be found, for the reason that a creditor rarely refuses to accept a premature tender of his debt when it includes interest to the date of maturity. In all the cases, however, where the question has been decided under the common law, it has been held that the creditor cannot be compelled to give up his investment before maturity. *Quynn* v. *Whetcroft* (Md.), 3 Harris & McH., 136; *Abbe* v. *Goodwin,* 7 Conn., 377; *Brown* v. *Cole,* 14 Sim., 427, 60 Eng. Reprint, 424. To hold otherwise would be to change the contract of the parties. The creditor may, however, waive his right to insist on strict compliance with the contract.

In this case, it was admitted the plaintiff received from the defendant without objection, a partial payment of $15 of the last instalment on 15th February, 1904, long before it became due. The argument is, that this showed waiver of right to insist on postponement of payment of the remainder until maturity. But this favor extended to the defendant as to part of the debt did not bind the creditor to extend a like favor as to the remainder. Each party had an equal right to require the other to perform the contract as it was written. Paying a part of the debt before maturity would not have been a waiver by the debtor of his right to postpone payment of the remainder until maturity. So receiving a part of the debt before maturity was not a waiver of the right of the creditor to hold the remainder of his investment until maturity.

The provisions of section 2375 of Civil Code, requiring satisfaction of mortgages on payment or legal tender of the

debt, though relied on by the appellant, does not affect the matter, for the reason that the tender before maturity was not a legal tender.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.