[No. 19655. Department Two. April 19, 1926.]

A. B. PEDERSEN, *Respondent,* v. HARRY FISHER, *Appellant.*[1]

[1] MORTGAGES (119-1)—INTEREST (25-1)—PERFORMANCE OF CONDITION —TENDER BEFORE DEFAULT. The refusal of an offer by a mortgagor to pay up a mortgage, with interest to date, made prior to the maturity of the note, indicates that the mortgagee did not, at that time, declare the whole sum due, under the acceleration clause in the mortgage; and therefore does not stop the running of interest, which continues until such time as the mortgagor, taking advantage of a default, declared the whole sum due and commenced foreclosure therefor; and this, irrespective of the destruction of the property by fire, and the existence of a fund from the insurance money.

Appeal from a judgment of the superior court for Okanogan county, Neal, J., entered March 21, 1925, upon findings in favor of the plaintiffs, in an action to foreclose a mortgage. Affirmed.

*Chas. T. Borg* and *Johnson & O'Connor,* for appellant.

*P. D. Smith,* for respondent.

[1]Reported in 245 Pac. 30.

PARKER, J.—This is an action in the nature of a mortgage foreclosure, though the relief sought by the plaintiff, Pedersen, is a decree subjecting insurance money collected for loss of the mortgaged property to the payment of the mortgage debt. A trial upon the merits in the superior court for Okanogan county resulted in a decree awarding to the plaintiff recovery and foreclosure against the defendant, Fisher, substantially as prayed for, from which he has appealed to this court. The respective wives of Pedersen and Fisher are made parties with them. In our discussion, for convenience of expression, we ignore that fact.

On April 17, 1923, Fisher executed and delivered to Pedersen a promissory note for the principal sum of $3,000, due three years after date, with interest payable quarterly. On the same day, to secure the indebtedness so evidenced, Fisher executed and delivered to Pedersen a mortgage upon certain real property owned by him situated in the town of Pateros, in Okanogan county. The mortgage contained, among other provisions, the following:

"In case default be made in the payment of either the principal or interest of said note, or any part of either principal or interest, according to the terms of said note, the holder thereof may thereafter in any manner provided by law, foreclose this mortgage for the whole amount of the principal and interest, whether the same shall be then due or not."

The principal of the indebtedness was, by the terms of the note and mortgage, payable unconditionally three years after date; not on or before, except as Pedersen might elect under the default clause of the mortgage above quoted. This is an important fact in our inquiry, as will presently appear. As further security, Fisher caused to be issued by the Home Insurance Company of New York an insurance policy in the sum

of $4,500 upon the buildings on the mortgaged property, payable to Pedersen as his interest may appear. On May 11, 1924, the buildings so insured were totally destroyed by fire. Soon thereafter the loss was adjusted, and the insurance company placed in the hands of its local agent at Pateros the sum of $4,500 for full payment of the loss. Thereupon the agent requested Pedersen and Fisher to come to his office for settlement, with a view of having them both receipt in full for the loss, to the end that the insurance company be fully exonerated from further liability to either of them. Thereafter, in response to this request, Pedersen and Fisher met at the agent's office on June 13, 1924, with a view of adjusting their respective rights to the insurance money. They were unable to agree as to its disposition, and each refused to release to the other any portion of the money, which had become the thing of real substantial value in controversy because of the very small value of the land without the buildings.

Thus the insurance money was left in the hands of the insurance company's agent. Thereafter, on July 7, 1924, Fisher being in default in payment of interest upon the indebtedness, Pedersen elected to foreclose the mortgage for the whole amount of the indebtedness, claiming the right to then treat the principal indebtedness as then maturing, under the default provisions of the mortgage above quoted. The insurance company was made a defendant in the action, and the prayer was to subject the insurance money in the hands of the insurance company's agent for the loss of the building to the satisfaction of the mortgage indebtedness. Thereafter the insurance company was permitted to deposit the $4,500 in court for the benefit of Pedersen and Fisher as the court might adjudicate

their respective rights, and the insurance company was dismissed from the case.

[1] The real controversy is over the amount of the award of the decree, particularly the amount of interest thereby awarded to Pedersen. This depends upon the date of the maturity of the whole indebtedness as fixed by Pedersen's election in that behalf. Fisher claims that Pedersen elected to treat the whole of the indebtedness due and maturing on June 13, 1924, when they were at the office of the agent of the insurance company negotiating as to their respective rights in the $4,500 insurance money, and that he then tendered to Pedersen the whole amount of principal and interest due up to that time; that is, that he offered to concede to Pedersen that much of the insurance money in full satisfaction of the mortgage indebtedness. The evidence does show that Fisher made such a tender, and that Pedersen rejected it. Pedersen then demanded a greater sum for his release of the entire indebtedness, which had nearly two years' interest earning time yet to run.

The trial judge manifestly was of the opinion, and we think correctly so, that the evidence does not show that Pedersen, by such demand—and that, we think, is all that the contention as to his election can rest upon—elected to have the whole indebtedness then mature. Pedersen's demand at that time for more than the principal and interest due up to that time, it seems to us, negatives any intent upon his part to then elect to have the whole indebtedness then mature. Such demand, it seems to us, evidences only his willingness to surrender his right to future interest upon Fisher paying him some consideration therefor. There is no evidence in the record, as we read it, of Fisher, having made or attempted to make any other tender than his

offer above noticed, made to Pedersen on June 13, 1924. Clearly, no offer of any kind was made to Pedersen on July 7, 1924, when this action was commenced, or thereafter; that is, on or after that date when Pedersen elected to have the indebtedness mature; and we are unable to see in this record any election on the part of Pedersen of a date as the maturity of the indebtedness, other than the date of the commencement of this action.

In the text of 26 R. C. L. 634, we read:

"In the absence of any waiver by the creditor of his right to insist on strict compliance with the contract, a debtor has no right to pay his debt before maturity, and so a tender before maturity is not effectual in any way. Accordingly a tender of the whole amount of the purchase money of property before it is due, under a contract by which a part was to be paid in interest bearing notes, is not a proper tender of performance of the contract. However, if the terms of a contract give the debtor the right to accelerate the due date, a tender before the date stated in the contract will be effectual."

This, it seems to us, renders it plain that the offer made by Fisher to Pedersen on June 13, 1924, although he offered to pay all that was then due in the way of interest, was not a tender or offer which Pedersen was under any obligation to accept. No decision has come to our attention, and we think there is none, holding that an interest bearing contractual debt running for a fixed period with interest covering the whole period, and with no provision in the contract for its payment by the debtor at his election before the end of such period, may be paid by the debtor, except by consent of the creditor, other than by tender of the principal and interest for the whole time. Nor has any decision come to our notice that the law would be any different than this with respect to the rights and privileges of

the parties, where the debt is secured in part by insurance upon the property pledged or mortgaged to secure the debt. In other words, we are unable to see that the destruction of the property and there coming into existence in its place a fund, the product of insurance upon mortgaged property, would change the rights of the parties in this respect. *Thorp v. Croto,* 79 Vt. 390, 65 Atl. 562, 118 Am. St. 961, 10 L. R. A. (N. S.) 1166; *Bowen v. Julius,* 141 Ind. 310, 40 N. E. 700; *Pyross v. Fraser,* 82 S. C. 498, 64 S. E. 407, 129 Am. St. 901, 23 L. R. A. (N. S.) 403.

An insurance fund so brought into being is, after all, only security for the payment of the mortgage indebtedness and interest at the times agreed upon, and is not a fund from which the creditor is required to take full payment of the mortgage indebtedness before such indebtedness becomes due, and thus lose unearned interest he has contracted for. Of course, if the indebtedness is payable on or before some specified date, or the creditor has the right to so elect, and exercising such right elects an earlier date, then the date of his election becomes the maturity date, on or after which effective tender may be made by the debtor of principal and interest up to date of tender. The decision in *Rice v. Kahn,* 70 Wis. 323, 35 N. W. 465, considers such a situation; but that is not the situation here involved.

Fisher being in default in payment of interest, thus giving the right of foreclosure to Pedersen upon his election to exercise such right by the commencement of this action, and Fisher having failed to make any tender of any nature then or thereafter, it seems quite plain to us that the trial court was fully warranted in rendering judgment of foreclosure against Fisher, with an award of the whole amount of the principal indebtedness and the whole of the amount of interest due

thereon, according to the terms of the note, up to the time of the rendering of the decree on March 21, 1925. The decree is affirmed.

TOLMAN, C. J., MACKINTOSH, MITCHELL, and MAIN, JJ., concur.