**776**

**Nick Allen DAVIS, Appellant,**

v.

**C. L. HINTON, Appellee.**

Supreme Court of Tennessee.

March 3, 1975.

James A. Hopper, Savannah, for appellant.

W. Lee Lackey, Savannah, for appellee.

OPINION

FONES, Chief Justice.

Appellant executed a note in the principal sum of $4,750.00, payable to appellee with interest from date at 8% per annum. The note, dated on an unspecified day in September, 1972, was given for the balance of the purchase price of certain real property. It called for the payment of $750.00, plus accrued interest, on January 15, 1973, and $1,000.00 per year, plus accrued interest, on January 15 in the years 1974 through 1977. The note did not contain any provision concerning prepayment.

On January 15, 1973, the appellant paid to the appellee the first payment of $750.00 plus accrued interest. On May 9, 1973, the appellant tendered to the appellee the entire principal amount of $4,000.00, then owing under the note, plus the sum of $114.78, which represented the accrued interest at 8% on the $4,000.00 principal, from January 15, 1973, to May 9, 1973. The appellee refused to accept the $114.78, and insisted upon the full amount of interest that would have been due over the entire term of the note, i. e., $800.00. Appellant paid the $800.00 by check, noting thereon that it was paid under protest.

Subsequently, appellant instituted suit in the General Sessions Court of Hardin County, claiming that he had overpaid interest in the amount of $685.22. The General Sessions Court entered judgment for the appellant for $644.35 and costs. The appellee appealed to the Circuit Court of Hardin County, where the case was heard on a stipulation of fact, and a decree entered in favor of the appellee. Appellant then appealed directly to this Court, in accordance with T.C.A. § 16–408.

The sole issue presented for our determination is whether the maker of an

installment note bearing interest from date, can terminate interest, by paying prior to the due dates the full principal amount plus accrued interest, when the note does not contain any provision for prepayment. We hold that the maker cannot do so, without the consent of the payee.

Our research has revealed only one case in Tennessee that has directed itself to this issue. In Crowley v. Kolsky, 57 S.W. 386 (Tenn.Ch.App.1900), it was held that in the absence of any agreement, the payee of a note had a legal right to collect interest for the full term of the note, notwithstanding the fact that the payor, of his own accord, paid the note in full before maturity. The voluntary prepayment did not entitle the payor to free himself from the terms of the note, nor permit him to refuse to pay the interest accruing between the date of payment of the note and its maturity. While the facts in *Crowley,* supra, differ slightly from those present in the case at bar, the variance is not material.

■ The result reached is supported by fundamental principles of contract law. Generally, a creditor can no more be compelled to accept payments on a contract before they are due than a debtor can be compelled to make such payments before they are due. In Pedersen v. Fisher, 139 Wash. 28, 245 P. 30, at 32 (1926), the Supreme Court of Washington said:

"No decision has come to our attention, and we think there is none, holding an interest-bearing contractual debt running for a fixed period, with interest covering the whole period, and with no provision in the contract for its payment by the debtor at his election before the end of such period, may be paid by the debtor, except by consent of the creditor, other than by tender of the principal and interest for the whole time."

For this reason, prepayment privileges contained in the terms of a contract or note were developed for the benefit of the debtor. Under such a privilege, the debtor obtains the right to discharge the debt before maturity. Usually he will give up something in return for this privilege.

■ The courts of the vast majority of jurisdictions, including Tennessee, have held that when such a privilege is given the debtor by contract, it is not usurious to condition the exercise of the privilege upon the payment of interest to the date of payment plus a bonus in addition. Silver Homes, Inc. v. Marx & Bensdorf, Inc., 206 Tenn. 361, 333 S.W.2d 810 (1960). The bonus may be interest to the stipulated maturity date. Even where the loan contract did not contain provisions for prepayment, and the loan was voluntarily repaid before maturity, the courts have held that the lender may receive or retain interest to the maturity date without being guilty of usury. See cases collected in 75 A.L.R.2d 1265.

Appellant has made no claim of usury in the present case. However, we think that the usury cases lend indirect support to the view we presently espouse. In Reichwein v. Kirshenbaum, 98 R.I. 340, 201 A.2d 918 (1964), the Rhode Island Supreme Court considered a claim of usury based on the voluntary prepayment of a loan, that had not provided for the prepayment privilege in the loan contract. They rejected the claim by saying that the debtor had sought and been granted a privilege, not otherwise his. The interest from the date of prepayment until maturity was not to be treated as interest, but rather as a charge for a new and separate agreement to terminate his indebtedness.

For us to allow the appellant to terminate his indebtedness prior to maturity in this case, while only paying the interest accrued, is to allow him to alter the terms of the note, and make a new and separate agreement binding upon the creditor, without any charge or consideration given by the debtor in return. We decline to do so.

For the above reasons, the judgment of the Circuit Court of Hardin County, in favor of the appellee, is affirmed. Appellant, Nick Allen Davis, will pay the costs.

COOPER, HENRY, BROCK and HARBISON, JJ., concur.