## In re SMITH–DOUGLASS, INC., Debtor.

## SMITH–DOUGLASS, INC., Plaintiff–Appellant,

v.

## BORDEN, INC., Defendant–Appellee.

### No. 87–1663.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 4, 1988.

Decided March 23, 1988.

Gregory Byrd Crampton (Merriman, Nicholls, Crampton, Dombalis & Aldridge, P.A., Raleigh, N.C., on brief), for appellant.

John Malcolm Murchison, Jr. (Kennedy, Covington, Lobdell & Hickman, Charlotte, N.C., on brief), for appellee.

Before WINTER, Chief Judge, and RUSSELL and HALL, Circuit Judges.

PER CURIAM:

In October of 1981, Smith–Douglass, Inc. (SDI) signed a promissory note to Borden, Inc. (Borden) in the amount of $5,951,-187.00. Under the terms of the note, SDI was required to pay interest to Borden for the time during which the debt was actually outstanding, and had the option to pay off the principal debt at any time prior to the note's expiration.

SDI filed for Chapter 11 bankruptcy on March 11, 1983. In the three months prior to filing for bankruptcy, SDI made three payments to Borden on the note, and each payment was for interest alone. The bankruptcy court on summary judgment motion avoided these interest payments as preferential transfers since they were made within 90 days of the debtor's declaration of bankruptcy. 11 U.S.C. § 547(b) (1982). Borden appealed to the district court, which recognized that the interest payments were preferential but held that they could not be avoided because they fell within an exception to the avoidance provisions of the bankruptcy code at 11 U.S.C. § 547(c)(2) (1982). SDI now appeals.

The bankruptcy code permits a trustee in bankruptcy to avoid as preferential any transfer by a debtor to a creditor within 90 days of the debtor's filing for bankruptcy. 11 U.S.C. § 547(b). There is no dispute that SDI's three interest payments to Borden were made within 90 days of SDI's filing for bankruptcy. 11 U.S.C. § 547(c)(2), however, excepts from the trustee's avoidance power transfers that are to pay debts incurred in the ordinary course of business of the debtor and trans-

feree, that are made in the ordinary course of business, according to ordinary business terms, and, most significantly for purposes of this case, that are made within 45 days of when the debt was "incurred."[1]

The issue in this case is whether SDI's debt for the interest to Borden was "incurred" under section 547(c)(2) when SDI originally signed the note to Borden back in 1981, obviously far more than 45 days before the payments were made in late 1982 and early 1983, or whether the interest debt was incurred only when it became due each month. If the interest debt was incurred back in 1981, then section 547(b) allows the trustee to avoid the payments to Borden. But if the interest debt was incurred for the first time as it came due at the end of each month, then SDI made the interest payments within 45 days of the end of each month and section 547(c)(2) would protect Borden. The trustee would thus be defeated.

The Eighth Circuit addressed the issue of when a debt for interest is incurred under section 547(c)(2) in *Iowa Premium Service Co. v. First National Bank of St. Louis, (In re: Iowa Premium Service Co., Inc.,* 695 F.2d 1109 (8th Cir.1982) ("IPSCO"). In IPSCO, the court held that the interest payments on a loan could not be avoided by the bankruptcy trustee because the debt was "incurred" only as it accrued. The court stated, "IPSCO was obligated to pay interest only for the time it retained the use of the money that the Bank had loaned to it. The interest accrued daily, and under the terms of the agreement IPSCO became obligated to pay at the scheduled rate at the end of the month." *Id.* 695 F.2d at 1111.

Similarly, the interest debt in this case was contingent. SDI had the option to pay off the principal debt at any time prior to the expiration of the note. It was obligated to pay interest only for the time it actually used the money. SDI's interest payments were analogous to rental payments under a lease. Each month, SDI paid Borden a month's interest in exchange for a month's use of Borden's money. Use of this money was a "resource" which passed from the lender to the debtor contemporaneously with the debtor's payment.

SDI concedes that the IPSCO decision works against its position, but contends that another line of cases exists which supports it. The seminal case in this line, SDI argues, is *Barash v. Public Finance Corp.,* 658 F.2d 504 (7th Cir.1981). *Barash* held that installment debt was "incurred" at the time the debtor "first becomes legally bound to pay," *id.,* 658 F.2d at 510, which in that case was construed to mean when the loan was first closed. In *Barash,* however, the installment transfers included not only payments of interest, but of principal also. The *Barash* court, therefore, failed in its discussion of when the debt was "incurred" to distinguish between payments of interest and principal. There is no indication that the court even considered whether interest and principal should be treated differently. The instant case involves only a payment of interest, not a mixed payment of interest and principal, and therefore is readily distinguishable from *Barash.*

SDI's interest payments to Borden fall within the exception to the trustee's avoidance powers in section 547(c)(2). The interest debt was "incurred" only as it came due each month, and not at the time the promissory note was signed. The payments, therefore, are ordinary course payments made within 45 days of when the debt was "incurred." The judgment of the district court is accordingly

AFFIRMED.

---

1. The forty-five day requirement of section 547(c)(2) was repealed in 1984 after the operative events in this case.