### In re MARTEC CORPORATION, Debtor.

**Milton FRIEDMAN, Trustee, Plaintiff,**

v.

**Robert L. GASS, Jr., et al., Defendant.**

**Bankruptcy No. 89–02009–BKC–AJC.**
**Adv. No. 90–0397–BKC–AJC–A.**

United States Bankruptcy Court,
S.D. Florida.

March 27, 1991.

Christopher Hale, Deuschle & Associates, P.A., Fort Lauderdale, Fla., for American Nat. Bank.

Raymond B. Ray, P.A., Fort Lauderdale, Fla., for trustee, plaintiff.

Bart Houston, Fort Lauderdale, Fla., for debtor.

Harris Solomon, Brinkley, McNerney, Morgan & Solomon, Fort Lauderdale, Fla., for Lutheran Broth.

## FINAL SUMMARY JUDGMENT FOR AMERICAN NATIONAL BANK

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE came before the Court for hearing on November 26, 1990, upon Defendant American National Bank N.A.'s Motion for Summary Judgment as to Counts V, VI and VIII of the Trustee's Complaint seeking to set aside principal and interest payments to American National Bank (Defendant) as a preference under 11 U.S.C. § 547(b). The Court considered the documents placed into evidence by the parties and otherwise considered the record in this case, including the argument of counsel, and accordingly finds:

The facts are undisputed. On or about January 29, 1987, the Debtor executed a promissory note (Note) in favor of the Defendant in the amount of $264,174.01 (Loan). The terms of the Note required payments of interest only to commence February 29, 1987 and payment of the principal to be made in full by July 29, 1987, the maturity date. On July 29, 1987, February 16, 1988 and March 8, 1989, respec-

tively, the Defendant renewed the Loan, ultimately extending the final maturity date on the Loan to July 27, 1989. The Note contains no provision for prepayment prior to maturity.

Payments of interest were made by the Debtor monthly beginning February 29, 1989 through June, 1989, inclusive. On July 27, 1989, the principal of the Loan was paid in full by cashing a Certificate of Deposit (C.D.) pledged as collateral by the Defendant Robert L. Gass, Jr. The value of the C.D. was equal to the amount of the Loan.

### COUNTS V AND VI

Plaintiff Trustee is seeking to recover the principal payment on the Note, claiming the payment is a preferential transfer pursuant to 11 U.S.C. § 547(b). This Court does not agree.

To establish the existence of a preferential transfer under 11 U.S.C. § 547(b), the Trustee must first establish that the property transferred belonged to the Debtor. *See Matter of Howdeshell of Ft. Myers*, 55 B.R. 470 (Bkrtcy.M.D.Fla. 1985); *In re: Network 90° Inc.*, 98 B.R. 821 (Bkrtcy.N.D.Ill.1989); *In re: Tinnell Traffic Serv., Inc.*, 43 B.R. 277 (Bkrtcy.M.D. Tenn.1984). The Trustee fails to establish this threshold element. The Debtor's property was not used to make the sole principal payment on the Note. Instead, the principal was paid in full from the proceeds of the C.D. owned by Defendant Gass, a principal of the Debtor. No other principal payments were made on the Note. Therefore, the Defendant is entitled to summary judgment on Counts V and VI.

### COUNT VIII

The remaining issue is whether the monthly interest payments made by the Debtor to the Defendant within one (1) year preceding the filing of the bankruptcy petition are voidable preferences pursuant to 11 U.S.C. § 547(b), or whether such payments fall within the exception of 11 U.S.C. § 547(c)(2).

In support of its motion, the Defendant argues the interest payments were made on a debt incurred in the ordinary course of business, pursuant to ordinary business terms. The Defendant relies on *Freehling v. Garson (In re: Top Sport Distributors, Inc.)*, 41 B.R. 235 (Bkrtcy.S.D.Fla.1984); *Smith–Douglass, Inc. v. Borden Inc. (In re: Smith–Douglass, Inc.)*, 842 F.2d 729 (4th Cir.1988); *Iowa Premium Serv. Co. v. First Nat'l. Bank in St. Louis (In re: Iowa Premium Serv. Co., Inc.)*, 695 F.2d 1109 (8th Cir.1982). In opposing the motion for summary judgment, the Trustee argues that the Debtor's obligation to make interest payments accrued when the Note was signed and delivered to the Debtor. Therefore, any payment made on such debt is paid on account of an antecedent debt and voidable. The Trustee relies on *CHG Internat'l. v. Barclays Bank (Matter of CHG Internat'l. Inc.)*, 897 F.2d 1479 (9th Cir.1990).

Bankruptcy Code section 547(c)(2) protects payments of a debt incurred by the debtor in the ordinary course of business and made in the ordinary course of business according to ordinary business terms. Section 547(b)(2) includes short-term credit transactions and is intended as a complement or near-equivalent to the "contemporaneous exchange" exception to voidable preferences. *McClanahan v. Lakeside Nat'l. Bank of Lake Charles (In re: RDC Corp.)*, 88 B.R. 97 (Bkrtcy.W.D.La.1988) (citing *Aguillard v. Bank of Layfayette (In re: Bourgeois)*, 58 B.R. 657 (Bkrtcy.W.D.La.1986). The rationale for the ordinary course of business exception is that payment of legitimate and necessary business expenses made in the ordinary course of business does not diminish the estate, is not for an antecedent debt and allows the debtor to stay in business. *Id.*

Cases interpreting § 547(c)(2) hold that a debt is incurred on the date upon which the debtor first becomes legally bound to pay. *Smith–Douglass, supra; Iowa Premium, supra;* and *Robbins v. Production Credit Assn. of Lansing (In re: Walkington)*, 62 B.R. 989 (Bkrtcy.W.D.Mich.1986). The debt for interest payments on a loan is not incurred until the day on which the interest

accrues. *See Iowa Premium, supra.* It is not until the day the interest accrues that the obligor first becomes legally bound to pay interest. *Id. See also Robbins, supra.*

However, in *CHG, supra,* the Ninth Circuit, United States Court of Appeals, rejected the argument that a debt for interest was incurred only when it became due. Instead, the Ninth Circuit held that the obligation to pay interest arose when the loan was received. Accordingly, any payment of interest would be on account of an antecedent debt. *Id.* at 1486. In reaching its decision, the court relied upon Washington law which fixed the obligation of CHG to pay interest upon the execution of the promissory note. *Id.,* citing *Pedersen v. Fischer,* 139 Wash. 28, 32, 245 P. 30, 32 (1926) (when note is silent as to prepayment, borrower has no right to pay before maturity).

This Court is not persuaded by the Trustee's argument that *CHG* is the controlling law of this case. The ruling in *CHG* was based on the fixed nature of CHG's requirement to pay interest. CHG was required to pay interest when CHG obtained the funds. *Id.* at 1487.

In the instant case, the fixed obligation to pay interest arose only at the conclusion of each day the Debtor retained the use of the funds, and not at the time the Note was executed and the funds delivered. The law of the state of Florida governs Debtor's obligation under the Note. Florida Statute § 697.06 (1989) provides:

Any note which is silent as to the right of the obligor to prepay the note in advance of the stated maturity date may be prepaid in full by the obligor or his successor in interest without penalty.

The Note was silent as to the Debtor's right to prepay the Note in advance of the stated maturity date. Therefore, the Debtor had the option to pay the principal of the debt in full prior to the expiration of the Note without penalty. Accordingly, the Debtor was obligated to pay interest only for the time it actually used the money, and, in fact, paid these charges in the ordi-

nary course of its business—at the end of each month in which the Debtor used the Loan proceeds. *See Top Sport Distributors, supra.*

Therefore, having determined that Debtor's interest payments to Defendant fall within the exception to the Trustee's avoidance powers pursuant to Bankruptcy Code § 547(c)(2), it is,

ORDERED that summary judgment is GRANTED in favor of Defendant American National Bank, N.A. on Counts V, VI, and VIII, in accordance with the foregoing opinion.

DONE and ORDERED.