**In re SPORT STATIONS, INC., Debtor.**

**SPORT STATIONS, INC., Plaintiff,**

**v.**

**NAPLES PARTNERSHIP, LTD., Defendant.**

**Bankruptcy No. 91–11159–9P1. Adv. No. 91–655.**

United States Bankruptcy Court, M.D. Florida, Ft. Myers.

Feb. 18, 1993.

Louis X. Amato, Naples, FL, for plaintiff.

Kevin M. Gilhool, Tampa, FL, for defendant.

Jeffrey W. Leasure, Fort Myers, FL, for debtor.

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS is a yet-to-be-confirmed Chapter 11 case and the matter under consideration is a complaint filed by Sport Stations, Inc. (Debtor) to recover preferential payments made to Naples Partnership, Ltd. (Land-lord). Although the complaint sets forth various transfers of property of the Debtor, the Final Evidentiary Hearing held focused upon the transfer funds in the form of cashiers checks totalling $30,233.42. The facts which are relevant to resolution of this matter are as follows.

The Debtor leased space from the Landlord at Grand Central Station Shopping Center located in Naples, Florida. In the months preceding the filing of the Chapter 11, the Debtor was in arrears on its rent payments. The Debtor and the Landlord agreed that the Landlord would allow the Debtor to remain in its premises if the Debtor paid its past due rent. The Debtor made three payments within the preference period by cashiers checks as follows:

| | |
|---|---|
| March 15, 1991 | $14,233.42 |
| April 18, 1991 | $ 8,000.00 |
| June 28, 1991 | $ 8,000.00 |

The checks were remitted by principals of the Debtor, James Anderson and Bob Lundstrom from their own personal funds.

The Debtor seeks to avoid these payments as preferential payments pursuant to § 547(b) of the Bankruptcy Code. § 547(b) provides in pertinent part as follows:

§ 547. Preferences

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to and for the benefit of the creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition;

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under Chapter 7 of this title;

(B) the transfer had not been made;

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

■ It is basic that before a transfer can be invalidated, it is the burden of the Trustee to establish that the property transferred was property in which the Debtor had an interest. When a payment is made by a nondebtor third party to a creditor it cannot be preferential because the funds used to pay the debt are not property of the estate and, thus, the amount of funds available for distribution to other creditors is not reduced. *Brown v. First National Bank of Little Rock*, 748 F.2d 490 (8th Cir.1984). *In re Martec Corp.*, 127 B.R. 65 (Bankr.S.D.Fla.1991).

■ In the claim of preference under consideration, the payments made to the Landlord were made by the principals of the Debtor, out of their own funds. Clearly these funds were not property of the estate and remittance of these payments to the Landlord did not diminish the funds available for distribution to the general creditors of this Debtor. Based upon the foregoing, this Court is satisfied that the Debtor has no viable claim of preference against the Landlord to avoid these payments.

As a side note, this Court is satisfied that reliance of Debtor's counsel upon *In re Howdeshell Corp.* 55 B.R. 470 (Bankr. M.D.Fla.1985) is misplaced. The *Howdeshell* case centered upon payments by Corporation A to pay creditors of Corporation B. Both corporations had a common principal. The payment of the debt by Corporation A at the direction of the common principal creates control by Corporation B as to the payment of the debts, and thereby the payments are property of the estate. Such is not the situation in the case before the Court, as the element of control by the Debtor over the principals is lacking, and *Howdeshell* is easily distinguished. Therefore, it is clear that the Debtor's complaint should be dismissed. A separate final judgment shall be entered in accordance with the foregoing.